DLD-100                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4055
_____

SAMUEL WILLIAMS,
Appellant

v.

PRISON HEALTH SYSTEM, (PHS); DR. ALLEN SNYDER; NURSE STACY
LATKANICH; ADMINSTRATOR LORI KWISNEK; ANGIE MARHEFKA, Grievance
Coordinator; TONI COLLAND; KRISTEN P. REISINGER, Chief Grievance Officer;
DORINA VARNER, Chief Grievance Officer; SUPERINTENDENT MELVIN S.
LOCKETT; SUPERINTENDENT JOSEPH F. MAZURKIEWICZ, Correctional and
Health Care Administration sued in their individual and official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-01534)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
and for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  February 3, 2012)
_____

OPINION
_____

PER CURIAM

Samuel Williams, a Pennsylvania prisoner proceeding pro se, appeals from the dismissal of his civil rights complaint. Because the appeal presents no substantial question, we will summarily affirm.

I.

Williams, an inmate at the State Correctional Institution at Greensburg ("SCIG"), filed this suit under 42 U.S.C. § 1983 seeking damages based on a claim that the Defendants violated his rights under the Eighth and Fourteenth Amendments by deliberately disregarding his health care needs. According to his complaint, Williams informed SCIG medical staff in or about February 2006 that he had a boil on his face. Williams claims that Dr. Allen Snyder recommended that the boil be cut open and drained, but that other members of the medical staff ignored the recommendation and told Williams that it would go away. In July 2009, Williams requested that a dermatologist treat the boil, but claims that his request was ignored. In February 2010, after the boil worsened, Williams was administered a shot for the infection.

Williams also claims that in or about July 2006, he complained to SCIG medical staff about a "sandy feeling" in his eye, but did not receive immediate treatment. Soon thereafter, Williams' eye began leaking fluid and he was taken to the hospital where he underwent an operation to repair a detached retina. Williams contends that upon his return to SCIG, medical staff failed to comply with the surgeon's post-operative instructions and, as a result, he lost sight in his eye in or about December 2006.

2

The parties consented to proceed before a United States Magistrate Judge. Defendants Prison Health Services, Inc. ("PHS") and Dr. Snyder ("the Medical Defendants"), and Defendants Nurse Stacy Latkanich, Administrator Lori Kwisnek, Greivance Coordinator Angie Marhefka, Toni Colland, Chief Grievance Officer Kristen Reisinger, Chief Grievance Officer Dorina Varner, Superintendent Melvin Lockett, and Superintendent Joseph Mazurkiewicz ("the DOC Defendants") filed motions to dismiss the complaint, arguing that Williams' claims are time-barred and/or fail to state a claim for relief. The Magistrate Judge granted Defendants' motions to dismiss and Williams timely filed this appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291, and our review of an order granting a motion to dismiss is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). After reviewing the record, we discern no error in the Magistrate Judge's analysis.

First, the Magistrate Judge Court correctly dismissed, on statute of limitations grounds, Williams' claim alleging that the Medical and DOC Defendants acted with deliberate indifference in treating his eye. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A § 1983 cause of action accrues on the date when a plaintiff knew or should have known his rights had been violated. See Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

3

Williams knew of the injury to his eye in or around December 2006--the date that he became blind. Indeed, he submitted with his complaint a copy of a grievance that he filed with the prison on December 4, 2006 describing that condition. Williams also submitted a letter that he received from an attorney dated August 1, 2008, in which the attorney declined to represent Williams but advised him that the statute of limitations began to run on the date that he became blind. Williams did not file his complaint in the District Court until November 2010, however. Accordingly, we agree that the claim is untimely and the District Court properly dismissed it on that basis.

The Magistrate Judge also properly dismissed Williams' claim that the Medical and DOC Defendants were deliberately indifferent to his medical needs when they ignored his July 2009 request for treatment of his boil by a dermatologist.

The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act with deliberate indifference to a prisoner's serious medical needs by denying or delaying medical care. In order to establish that inadequate medical care has risen to the level of a Constitutional deprivation, an inmate-plaintiff must demonstrate that he had a "serious medical need" to which the defendants were "deliberately indifferent." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

With regard to the DOC Defendants, with the exception of Nurse Stacy Latkanich, those individuals are non-medical staff. They are either grievance officers or administrators. We have previously determined that non-medical officials are entitled to rely on medical professionals' judgment. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.

4

2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Williams does not plead any facts or present any documentation suggesting that any of the grievance officers or administrators named in the complaint was aware of his February 2009 request to see a dermatologist. Williams submitted a document with his complaint stating only that he informed a DOC "staff member" of his request. Accordingly, because Williams asserts no reason why the DOC employees named in his complaint would have known (or had reason to believe) that medical staff had mistreated or failed to treat his condition, the claim was properly dismissed. Spruill, 372 F.3d at 236.[1]

With regard to the Medical Defendants, even assuming that Williams' condition was sufficiently serious, we agree with the District Court that he has failed to allege facts suggesting that those defendants acted with deliberate indifference to his medical needs. As mentioned, Williams' provided documentation indicating that his request to see a dermatologist was directed to a DOC staff member. Absent an assertion that the Medical Defendants were aware of and denied his request for treatment, Williams has failed to state a claim for deliberate indifference against them. See Rode v. Dellarciprete, 845

_____

[1] Although Nurse Latkanich is a member of the medical staff, the only claim that Williams asserts against her involves her alleged failure to administer medication

5

F.2d 1195, 1207 (3d Cir. 1988) (holding that a "defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").[2]

Finally, to the extent that Williams raised a state law tort claim, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over that remaining claim. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

Because this appeal does not present a substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Williams' request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

following his July 2006 eye surgery. As we have explained, that claim is time-barred.
[2] Williams similarly fails to allege that either Dr. Snyder or PHS ignored the initial diagnosis/recommendation that the boil be removed.