DLD-399                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3077
_____

MANUEL LAMPON-PAZ; E.D.L.P., a minor,

Appellants

v.

DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF JUSTICE;
SOCIAL SECURITY ADMINISTRATION; STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-12-cv-04485)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 5, 2013)
_____

OPINION
_____

PER CURIAM

Manuel Lampon-Paz, proceeding pro se, appeals from the District Court's dismissal of his complaint with prejudice.[1] For the reasons set forth below, we will summarily affirm.

I.

The facts being well-known to the parties, we address only those pertinent to this appeal. Lampon-Paz is a former employee of the Federal Air Marshal Service ("FAMS"), which is a division of the Transportation Security Administration ("TSA") and, in turn, the Department of Homeland Security ("DHS"). On July 18, 2012, he filed a complaint against DHS, the Department of Justice ("DOJ"), the Social Security Administration ("SSA") (together, the "Federal Defendants"), and the State of New Jersey.[2] He alleged that he and his family were being harassed because he was a whistleblower, and indicated that he was appealing a decision of the Merit Systems Protection Board ("MSPB"). He claimed, among other things, that "subliminal messaging" was being used to endanger him and his son; that a "medical procedure" was done on him without his permission; and that he was drugged by a Federal Air Marshal while on duty in Germany because he "was going to inform on a group of federal

_____

[1] Lampon-Paz sought to represent his minor son, E.D.L.P., on appeal. The Clerk of this Court advised him that he could only represent himself, and that an appearance by counsel was required on behalf of his son. No such appearance was entered. Therefore, Lampon-Paz is the only proper appellant in this case.

[2] An amended complaint was filed on October 9, 2012. (Dkt. No. 19.)

2

employees that were doing illegal steroids . . . ." (Dkt. No. 19, p. 3.) He also alleged that the SSA gave him "full benefits," thereby cementing his retirement. (Id. p. 4.) He sought relief under several federal and state statutes and requested a cease and desist order, a permanent protection order, and compensatory damages. (Id. p. 5.)

The Federal Defendants and the State of New Jersey each filed motions to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 43, 46.) The District Court entered an order dismissing Lampon-Paz's complaint with prejudice on June 7, 2013. He timely appealed. (Dkt. No. 58.)

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The standard of review over a dismissal for lack of subject matter jurisdiction is plenary. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We also exercise plenary review over a dismissal with prejudice under Rule 12(b)(6). Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

In support of their motion to dismiss, the Federal Defendants submitted documents showing that Lampon-Paz filed an appeal with the MSPB in 2011, alleging that the FAMS and the TSA retaliated against him for engaging in whistleblower activity. (Dkt. No. 43-2.) That appeal was dismissed a few months before Lampon-Paz filed his complaint. The District Court determined that it lacked subject matter jurisdiction over

3

his case to the extent that he was appealing the decision of the MSPB. We perceive no error in that conclusion, as final decisions of the MSPB may only be reviewed by the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(b)(1)(A).

The District Court also noted that the complaint did not contain "a single allegation about the State of New Jersey," and that the only allegation pertaining to the Federal Defendants was that the SSA "gave [Lampon-Paz] full benefits." (Dkt. No. 55, p. 4.) We agree that conferring full benefits cannot give rise to liability. The District Court properly dismissed Lampon-Paz's complaint for failure to state a claim upon which relief could be granted, because it lacked sufficient factual matter to state any claims against any of the defendants that were plausible on their face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.

There being no substantial question presented on appeal, we will summarily affirm the decision of the District Court.[3]

---

[3] Lampon-Paz has filed numerous motions to seal in this Court, as well as a request for a temporary restraining order. We have held that "the party seeking . . . sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (internal quotations and citations omitted). Lampon-Paz has not carried the heavy burden of overcoming the presumption of access to judicial records. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" to support sealing a judicial record. Id. Lampon-Paz has not presented any specific evidence that he would suffer harm based on the public disclosure of the contents of his sealed filings, which mostly contain his requests to obtain counsel and information that was already disclosed in his complaint. Therefore, his motions to seal are denied.

His motion for a temporary restraining order is likewise denied given our disposition of the appeal, as are any outstanding motions.