**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 14-1501
_____

MANUEL LAMPON-PAZ, individually
and on behalf of *E.D.L.P., a minor,
Appellants

v.

DEPARTMENT OF HOMELAND SECURITY;
DEPARTMENT OF JUSTICE; SOCIAL SECURITY
ADMINISTRATION; STATE OF NEW JERSEY

* (Dismissed as Appellant pursuant to Clerk's Order entered 9/25/14)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 13-cv-05757)
District Judge: Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2015
Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 8, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Manual Lampon-Paz appeals from an order of the District Court dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, we will affirm.

We note, as a threshold matter, that we previously summarily affirmed the District Court's dismissal of a nearly identical action filed by Lampon-Paz in 2012.  See Lampon-Paz v. Dep't of Homeland Security, 532 F. App'x 125 (3d Cir. 2013).  In the second action filed in 2013, Lampon-Paz alleged that the federal defendants -- the Departments of Justice and Homeland Security and the Social Security Administration -- used electronic methods, including electromagnetic waves, ultrasonic messaging, and "brain mapping," against him.  The federal defendants allegedly used these mind-control techniques to prevent him from "whistleblowing" on misbehavior by other federal employees.  Lampon-Paz did not direct any specific allegations against defendant the State of New Jersey.  As a result of the defendants' conduct, Lampon-Paz allegedly suffered an invasion of privacy, causing him to have several cardiac episodes and permanent injury to his back, knees and heart, causing harm to his marriage, and causing difficulties for his son at school.  Lampon-Paz also alleged violations of various federal statutes and regulations in connection with the conspiracy to control and silence him. Lampon-Paz demanded money damages and injunctive relief.  The District Court's decision includes a comprehensive summary of the allegations Lampon-Paz brought in his numerous filings.

The federal defendants and the State of New Jersey moved to dismiss the amended complaint with prejudice, and the District Court granted those motions in an order entered on January 23, 2014.  In its decision, the District Court contemplated whether it

2

had subject matter jurisdiction over Lampon-Paz's claims because of their insubstantial nature. Ultimately, however, the Court rested its dismissal on the basis of res judicata and Lampon-Paz's failure to state a plausible claim for relief. The Court dismissed the State of New Jersey pursuant to the Eleventh Amendment. The Court also denied Lampon-Paz's motions to amend his complaint to add other federal and state defendants, change venue, appoint counsel, and obtain injunctive relief.

Lampon-Paz appeals.[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). We also exercise plenary review over a dismissal with prejudice under Rule 12(b)(6). See Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999).

We will affirm. Res judicata, also known as claim preclusion, applies in both federal court and New Jersey when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Res judicata applies even if a plaintiff attempts to present a different legal theory in the second action. See United States v. Athlone Indus.,

---

[1] Lampon–Paz sought to represent his minor son, E.D.L.P., on appeal. The Clerk of this Court advised him that he could only represent himself, and that an appearance by counsel was required on behalf of his son. No such appearance was entered and, therefore, the appeal was dismissed as to E.D.L.P.

Inc., 746 F.2d 977, 983 (3d Cir. 1984). It "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999) (quoting Bd. of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir. 1992)).

The District Court correctly found that all elements necessary for res judicata to apply were satisfied, and, therefore, that Lampon-Paz's second action was barred. In his first action filed in 2012, there was a final judgment on the merits involving the exact same parties. That prior suit was based on the same cause of action as the second action, namely allegations that the defendants employed fantastical covert electronic techniques to invade his mind and harm him and his family. The only difference between the first and second actions is that the first action also involved an employment-related claim against the Merit Systems Protection Board ("MSPB"). That difference, however, is immaterial in the context of the res judicata analysis.[2] In determining whether a subsequent case is based on the same cause of action as a prior case, we will look to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy, 584 F.3d at 173. Here, as held by the District Court, in both the first and second actions, Lampon-Paz alleged that the defendants were covertly harming him and his son through invisible electronic means in retaliation for reporting

---

[2] The District Court in the first action determined that it lacked subject matter jurisdiction over Lampon-Paz's case to the extent that he was appealing the decision of the MSPB, and we upheld this determination. Final decisions of the MSPB may only be reviewed by the United States Court of Appeals for the Federal Circuit. Lampon-Paz, 532 F. App'x at 126 (citing 5 U.S.C. § 7703(b)(1)(A)).

4

co-workers' misconduct. The material facts alleged in the first and second actions are the same. See Athlone Indus., 746 F.2d at 984.

Lampon-Paz argues that res judicata would apply only if the defendants had stopped their actions, which they have not. Appellant's Informal Brief, at 5. This argument is specious. The issue is not whether the defendants have continued to engage in conduct that formed the basis of the first civil action. The res judicata analysis turns on whether there has been a final judgment on the merits in a prior lawsuit involving the same parties and a subsequent suit involving the same underlying events. See Lubrizol Corp. 929 F.2d at 963; Athlone Indus., 746 F.2d at 984. Here, Lampon-Paz's second action reasserted the same cause of action against the federal defendants and the State of New Jersey that was previously alleged and properly dismissed in his 2012 civil action.

We further conclude that the District Court properly dismissed the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the claims are implausible. In order to defeat a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Hence, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Although Lampon-Paz enumerated various injuries, he did not plead "factual content that allowed the District Court to draw the reasonable inference that the defendants are liable for the misconduct alleged." Id. at 678. Lampon-Paz's amended complaint alleging brain-mapping, subliminal messaging, and other methods to control his mind and harm his body is not "plausible on its face," as required to survive a Rule 12(b)(6) motion to dismiss. Twombly, 550 U.S. at 570.

Furthermore, the District Court properly denied leave to amend because granting such leave would have been futile; properly denied injunctive relief because the claims were implausible; properly denied a change of venue, where, at the time of the motion, Lampon-Paz was a resident of New Jersey, the acts in question all took place in New Jersey, and the State of New Jersey was one of the parties; and properly denied appointment of counsel because the claims were implausible.

In addition, the District Court correctly dismissed the amended complaint as to the State of New Jersey on the basis of the Eleventh Amendment and the principles of sovereign immunity. The Eleventh Amendment renders a state immune from suit by private parties in federal court unless the state consents to jurisdiction. See, e.g., Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). The State of New Jersey has not consented to suit in federal court.

Last, Lampon-Paz cannot raise new arguments on appeal. For example, for the first time on appeal, he alleges the use of "Neuro Pleural Linguistics or Neuro Linguistic Programming" to cause him harm. Appellant's Informal Brief, at 13. He also raises for the first time on appeal -- without explanation or analysis -- a Fourth Amendment claim. Id. at 22. We will not review arguments raised for the first time on appeal absent exceptional circumstances, Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011), and none are present here.

For the foregoing reasons, we will affirm the order of the District Court dismissing Lampon-Paz's amended complaint pursuant to Rule 12(b)(6). The motions he has filed in this Court to "have the Court intercede," for a restraining order, and to show cause for being detained, all are denied. His motion to amend his reply brief is granted.

6