**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2119
_____

MANUEL LAMPON-PAZ,
                              Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
UNKNOWN DEFENDANTS;
UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-09071)
District Judge:  Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2019
Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Manuel Lampon-Paz appeals from the order of the District Court dismissing his complaint.  We will affirm.

I.

Lampon-Paz is a former federal air marshal who has filed a series of federal lawsuits seeking to hold the federal government and the State of New Jersey liable for a litany of seeming unrelated events alleged to have befallen him and his family, including his now former wife and his minor son.  Those lawsuits have included his civil actions at D.N.J. Civ. Nos. 2-12-cv-04485 and 2-13-cv-05757.

In the second of those suits, the defendants included the Department of Homeland Security ("DHS"), the Department of Justice ("DOJ"), and the State of New Jersey. Lampon-Paz alleged, inter alia, that defendants (using "electromagnetic waves, ultrasonic messaging, and brain mapping") investigated him and revealed to other family members that his wife had an affair.  He further alleged that the revelation caused "irrevocable harm to my marriage" and "caus[ed] me and my wife [to] separate and will divorce[.]" The District Court questioned whether Lamon-Paz's claims were substantial enough to invoke its subject-matter jurisdiction, but it ultimately dismissed his complaint both as barred by res judicata by reason of his previous suit and for failure to state a claim.

On appeal from that ruling, Lampon-Paz raised further allegations about his wife, including that the circumstances of their marriage constituted immigration fraud, that they were under investigation, and that "investigators had a sexual relationship with my wife," thereby "caus[ing] the dissolution of my marriage."  (E.g., Appellant's Br.

2

docketed Feb. 13, 2015, in C.A. No. 14-1501 at 7-8.)  We declined to consider new claims raised for the first time on appeal, but we affirmed for both of the reasons that the District Court gave.  See Lampon-Paz v. DHS, 612 F. App'x 73, 75-76 (3d Cir. 2015).

About five months later, Lampon-Paz filed suit in the Southern District of California.  He named as defendants the DOJ and an "unknown party," and he again sought to hold the federal government liable for various events, including the involvement of a "Mr. O" with Lampon-Paz's son.  During that litigation, Lampon-Paz sought leave to amend to assert a claim regarding the "coercion of my ex-wife for sexual favors for the return of citizenship papers and non prosecution [which] was a forced breach of my marital vows . . . which led to our divorce."  Lampon-Paz v. Unknown Party, No. 15-cv-2237, 2016 WL 8729931, at *4 (S.D. Cal. June 3, 2016).

The District Court in that case denied leave to amend on the ground that the claim was "fanciful, implausible, and devoid of merit," and it dismissed Lampon-Paz's complaint on the ground that his claims were so implausible that they failed to invoke the court's subject-matter jurisdiction.  Id.  The Ninth Circuit Court of Appeals affirmed.  Lampon-Paz v. Unknown Party, 9th Cir. No. 16-55842 (order entered Dec. 14, 2016.)

Less than a week before that ruling, Lampon-Paz filed the civil action at issue here.  He named as defendants the United States, the DOJ, the DHS, New Jersey, and "unknown defendants."  He repeated his allegation that investigators used his wife's immigration circumstances to coerce sexual favors and thereby caused the dissolution of his marriage.  He further claimed that he and his wife were guilty of immigration fraud

3

and that defendants should have criminally charged them. He also claimed that defendants, in an effort to silence him, were responsible for various "threats, intimidation and criminal activity," including those summarized in the margin.[1]

The District Court, on the defendants' motions, dismissed Lampon-Paz's amended complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) without leave to further amend. The District Court construed Lampon-Paz's complaint as asserting tort claims against the United States under the Federal Tort Claims Act ("FTCA") and as asserting constitutional claims against the federal government and constitutional and tort claims against New Jersey. The District Court concluded that Lampon-Paz's complaint was barred by res judicata by reason of his prior suits in the District of New Jersey. It also concluded that Lampon-Paz failed to exhaust his FTCA claims and that his other claims were legally insufficient for various reasons, including failure to state a claim and sovereign immunity. Lampon-Paz appeals.[2]

---

[1] Lampon-Paz claimed that an "unknown blond female" warned him to be quiet, that an "elderly gentleman" told him to "take back" a filing, that a tire on his car has twice blown out, that he has been punched in the face and had his "crotch grabbed," that his home and car have been broken into, that he woke up after sleeping in his car with his pants unzipped and his belt undone, that his son woke up in his house to find a door open and the covers removed from his body, that "Mr. O" and "Chase" were left alone with his son at school, that individuals have "made passes" at his son and told him to "go back to Mexico," that "unknown people driving by" have yelled threats, that an individual known online as ramjam2255 had been "tracking me through electronic means," that patrons of a restaurant encouraged him to "kill" someone who "resembled Mr. O," and that he has heard groups of people arguing in public about which legal matters he should pursue. (ECF No. 106 at 6-8, 17-18.) Lampon-Paz has raised many of these allegations before.

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over

4

II.

As the foregoing discussion suggests, Lampon-Paz's claims potentially are barred by various preclusion doctrines. The District Court concluded that they are barred by res judicata, also called claim preclusion, by reason of his second New Jersey suit. We agree that Lampon-Paz's claims are barred in large part because he either raised them or could have raised them in that suit and in his California suit. See Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016) (explaining that res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action," including claims that "could have been brought" in the prior suit).

Lampon-Paz's claims might not be barred by res judicata or other preclusion doctrines to the extent that his complaint can be construed to raise claims under the FTCA against the United States, which, as he argues, he did not previously name as a defendant. See, e.g., Sterling v. United States, 85 F.3d 1225, 1228-29 (7th Cir. 1996) (addressing issue preclusive effect of a Bivens action on a later FTCA suit against the United States).[3] Lampon-Paz also argues that some of the events that he alleges are new, such as the incident in which he woke up after sleeping in his car to find his belt undone.

---

dismissals under Rule 12(b)(6) and dismissals under Rule 12(b)(1) that turn on the pleadings. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). We review the denial of leave to amend for abuse of discretion. See Shifflett v. Korszniak, 934 F.3d 356, 364 (3d Cir. 2019).

[3] The District Court, at the Government's urging, relied on Middleton v. U.S. Department

5

But we need not further address the extent to which Lampon-Paz's claims are barred by the preclusion doctrines. To the extent that any of Lampon-Paz's present claims survive those doctrines, we conclude—as the District Court in his second New Jersey action suggested, and as the District Court and the Ninth Circuit in his California action concluded as well—that Lampon-Paz's continued attempt to hold the federal government liable for his alleged injuries is "wholly insubstantial and frivolous" and thus failed to invoke the District Court's subject-matter jurisdiction. Davis, 824 F.3d at 350 (quotation marks omitted).

Finally, as for Lampon-Paz's claims against New Jersey, Lampon-Paz appears to hold New Jersey responsible for failing to properly investigate his allegations about his son's interactions with Mr. O. Lampon-Paz raised similar allegations regarding Mr. O in his California action,[4] though he did not name New Jersey as a defendant in that case. In any event, we agree with the District Court that New Jersey was protected by Eleventh Amendment sovereign immunity, as we have explained in at least one of Lampon-Paz's

---

of Labor, 318 F. Supp. 3d 81, 87 (D.D.C. 2018), for the proposition that federal agencies and the United States are in privity for res judicata purposes. The authority on which Middleton relied derives from Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381 (1940). We have recognized that Sunshine Anthracite neither established a blanket rule to that effect, see Facchiano Constr. Co. v. U.S. Dep't of Labor, 987 F.2d 206, 211 (3d Cir. 1993), nor addressed privity for purposes of claim preclusion, see Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1086 n.2 (3d Cir. 1988).

[4] Lampon-Paz claimed that the government placed Mr. O in his son's school in retaliation for a whistleblower complaint and that, although Mr. O improperly touched his son, the government used "advanced technology . . . to change his son's story." Lampon-Paz, 2016 WL 8729931, at *1.

prior appeals.  See Lampon-Paz, 612 F. App'x at 76 (citing Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002)).  We further agree with the District Court that leave to amend was not warranted both because Lampon-Paz had ample opportunity to amend and because amendment would have been futile.

III.

For these reasons, we will affirm the judgment of the District Court.  Lampon-Paz's motions to lodge exhibits and amend his reply brief are granted.  Lampon-Paz's motion to seal his opening brief is denied,[5] and his motion for leave to file a redacted opening brief is denied as unnecessary.  The federal appellees' motion for leave to file a supplemental appendix is granted, and Lampon-Paz's motion for leave to file a supplemental appendix is granted in part and denied in part.[6]  Lampon-Paz's remaining motions are denied.

---

[5] Lampon-Paz routinely files meritless motions to seal briefs and other documents, and we routinely deny them.  See, e.g., Lampon-Paz v, DHS, 532 F. App'x 125, 126 n.3 (3d Cir. 2013).  In this case, Lampon-Paz requests sealing because this case involves his minor son.  Sealing is not necessary because Lampon-Paz's brief does not identify his minor son by name.

[6] Lampon-Paz's proposed supplemental appendix consists of a paper document and four USB flash drives containing, inter alia, a video of his son in which his son's face is visible.  Lampon-Paz's motion is granted as to the paper document but denied as to the flash drives.  We nevertheless have reviewed all of the files contained on the flash drives and have considered them in reaching our disposition.  The Clerk is directed to return the flash drives to Lampon-Paz upon issuance of the mandate.