CLD-191                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2674
_____

FREDERICK FOSTER,
                                                            Appellant
v.

DAVID H. DENENBERG; ABRAMSON &
DENENBERG; ANTOINE GARDINER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-13-cv-04478)
District Judge: Michael M. Baylson

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Frederick Foster appeals from an order of the District Court dismissing his

complaint.  For the reasons that follow, we will summarily affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

Foster filed suit in 2010 in the United States District Court for the Eastern District of Pennsylvania against David Denenberg, Esquire, Abraham and Denenberg, P.C., and Antoine Gardiner. He alleged a violation of the Racketeer Influenced and Corrupt Organizations statute ("RICO"), and alleged fraud, conversion, breach of contract, and breach of fiduciary duty, among other allegations, in connection with a 2007 real estate transaction. That transaction involved properties that Foster owned at 5049-75 Lancaster Avenue and 5042-5048 Merion Avenue in Philadelphia, Foster v. Denenberg, et al., E.D. Pa. Civ. No. 10-cv-02470. At the time, there was a parallel, ongoing proceeding in the Philadelphia Court of Common Pleas involving the same property and transaction, Foster v. Gardiner, et al., May Term 2007, No. 1248. The issue of contention in both actions was whether Foster's sale of the property to Gardiner required partitioning of the property into two separate properties, so as to allow Foster to retain title to and possession of the house located at 5049 Lancaster Avenue and the warehouses located at 5042-44 Merion Avenue.

The District Court, after vacating an entry of default against Gardiner, dismissed the 2010 federal complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as to all defendants on the ground that Foster failed to sufficiently plead his RICO claim. The Court reasoned that the allegations involved only a single transaction and failed to establish that the defendants posed a threat of continued criminal activity, as necessary under RICO's pattern requirement. Foster appealed, and we summarily affirmed, Foster v. Denenberg, et al., C.A. No. 12-1873. In the meantime, Foster's state court case went

2

to trial and the jury found in favor of Gardiner on Foster's breach of contract claim but found in favor of Foster on Gardiner's counterclaim for ejectment.

At issue in this appeal, in 2013, Foster filed another civil action in federal court alleging a RICO violation against these same defendants, again in connection with the same 2007 real estate transaction. Foster alleged an "ongoing criminal enterprise whose modus operandi is real estate theft through misrepresentation and fraud." Complaint, at ¶ 6. He specifically alleged that, in 2012, Gardiner, in attempting to secure the rear portion of the property located at 5049-75 Lancaster Avenue, broke a hole in the wall that enclosed Foster's backyard. Complaint, at ¶¶ 20-23. Foster's allegation of a RICO violation appears to have been premised on his belief that he, and not Gardiner, owned the wall pursuant to the state jury's verdict.[1] Foster further alleged that, on October 22, 2012, Gardiner and his crew completely knocked down an entire section of the wall. Id. at ¶ 28.

The defendants moved to dismiss Foster's second action pursuant to Rule 12(b)(6), arguing, in pertinent part, that the doctrine of res judicata barred Foster from relitigating what was essentially the same cause of action. The defendants argued in the alternative that Foster had once again failed to state sufficient allegations to establish a plausible RICO claim. Foster opposed the motion. In an order entered on April 8, 2014, the District Court granted the defendants' motion and dismissed the complaint, holding

---

[1] In his opposition to the appellees' motion for summary affirmance, Foster states that, as a result of the state jury's verdict, he owns the house at 5049 Lancaster Avenue and the warehouses located at 5042-44 Merion Avenue, and Gardiner owns the property located at 5051-75 Lancaster Avenue and 5046-68 Merion Avenue.

that Foster's second civil action was barred by the doctrine of res judicata. The Court found that the dismissal of Foster's 2010 action was with prejudice and thus on the merits; that the parties were the same in each action; and that the two actions were based on the same facts. The Court noted Foster's argument that he had alleged new predicate acts in support of his RICO claim, but held that the new allegations all related back to the same 2007 transaction at issue in the prior lawsuit. In the alternative, the District Court held that Foster's allegations did not show sufficiently for purposes of Rule 12(b)(6) that the defendants had engaged in a pattern of racketeering, as required to make out a RICO violation.

Foster appeals. We have jurisdiction under 28 U.S.C. § 1291. The appellees have moved for summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Foster has submitted a response in opposition to summary affirmance.

We will grant the motion for summary affirmance and summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). We also exercise plenary review over a dismissal with prejudice under Rule 12(b)(6). See Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999).

Res judicata, also known as claim preclusion, applies when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Precluding "parties from contesting

4

matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Here, the District Court correctly concluded that Foster's 2010 action resulted in a final judgment on the merits; that the parties in both the 2010 and 2013 actions are the same, and that the 2010 and 2013 suits are based on the same cause of action. In determining whether a subsequent case is based on the same cause of action as a prior case, we will look to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy, 584 F.3d at 173. Here, as held by the District Court, in both the first and second actions, Foster alleged fraud in connection with a 2007 real estate transaction. The focal point of the "same cause of action" analysis is not whether there are new facts occurring after the final judgment, but whether the *material* facts alleged in each suit are the same, and whether the witnesses and documentation required to prove the allegations are the same. See United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984). Here, the right to knock that wall down depends on who owns it, and the issue of ownership is determined by reference to the parties' intentions when they negotiated the 2007 transaction. Accordingly, the District Court properly held that allegations of a continuation of the same fraudulent activity at issue in the prior action do not raise a new or independent RICO cause of action. Foster's second action is thus barred by res judicata.

5

We further agree with the District Court that Foster's claims, in any event, do not state a RICO claim for relief. When considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a court must accept as true all material allegations, read the complaint in the light most favorable to the plaintiff, and decide whether, under any reasonable understanding of the complaint, the plaintiff may be entitled to relief. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To constitute a RICO violation, there must be a "pattern of racketeering activity," 18 U.S.C. § 1962(a), and to show a pattern of racketeering activity, a plaintiff must allege that predicate acts of racketeering pose a threat of *continued* criminal activity. H.J. Inc. v. Northwest Bell Telephone Co., 492 U.S. 229, 239 (1989) (emphasis added). Foster's allegation of a single fraudulent real estate transaction occurring in 2007 does not satisfy RICO's continuity requirement. We note that he has asserted in his opposition to summary affirmance that the defendants have engaged in numerous other real estate transactions throughout Philadelphia, and that those transactions must necessarily have involved fraud, but these assertions are speculative and thus insufficient to survive a Rule 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level.").

For the foregoing reasons, we grant the appellees' motion and will summarily affirm the order of the District Court dismissing the complaint with prejudice.

6