PS4-136                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1540
_____

LORETTA BURTON,

Appellant

v.

OZBURN HESSEY LOGISTIC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:14-cv-01068)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Loretta Burton appeals from the District Court's dismissal of her

complaint.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2012, Burton filed two cases (which were consolidated) in the District Court alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-624, against her former employer, Ozburn Hessey Logistics ("OHL"). (See M.D. Pa. Civ. A. No. 1:12-cv-1740.) Her claims arose from her January 2012 termination from employment, which she asserted was unlawfully based on her age and her race. The District Court granted OHL's motion for summary judgment on July 21, 2014, and Burton did not appeal from that decision.

In June 2014, prior to the District Court's decision in her 2012 case, Burton filed an additional complaint against OHL relating to her termination from employment. (M.D. Pa. Civ. A. No. 1:14-cv-1068.) The claims in her June 2014 complaint are far from clear, but seem to be based on information contained in the discovery documents from her 2012 case, and assert that OHL terminated her employment in retaliation for Burton's filing of a claim for workers' compensation benefits. She also asserted that OHL's statement that she had not suffered a work-related injury[1] (which led to the denial

---

[1] According to the District Court's decision in Burton's 2012 case, at the conclusion of a November 23, 2011 meeting with her supervisor, at which she received a "final warning" and suspension for poor job performance, Burton fainted and fell to the floor. Burton v. Ozburn Hessey Logistics, No. 12-cv-1740, 2014 WL 3573497, at *1 (M.D. Pa. July 21, 2014). She was transported by emergency responders to the hospital and treated for her injuries. "Burton subsequently submitted documentation from her treating physicians

2

of workers' compensation benefits) constituted defamation and slander, that her application for unemployment benefits under Pennsylvania law was unlawfully denied, and that OHL continued to defame and slander her by giving bad referrals to potential employers. On July 28, 2014, Burton filed yet another complaint, which again stated that OHL had retaliated against her for filing a claim for workers' compensation benefits, and also seemed to challenge the Pennsylvania Workers' Compensation Appeal Board's 2014 decision to deny benefits. (M.D. Pa. Civ. No. 1:14-cv-1446.) OHL answered both complaints and later filed motions to dismiss them on res judicata and other grounds.[2]

In September 2014, the Magistrate Judge issued a report recommending that the District Court consolidate the 2014 cases for all purposes. The District Court overruled Burton's objections to the report, and on December 11, 2014, consolidated the two cases under Civ. A. No. 14-cv-1068. The District Court explained that consolidation was appropriate under Fed. R. Civ. P. 42(a) because the two actions arose out of common questions of law and fact involving the termination of Burton's employment, her alleged work-related injury, and her workers' compensation claim.

---

excusing her from work through December 13, 2011." Id. After she apparently did not return to work, OHL terminated her employment in January 2012. Id.

[2] OHL did not specify the rule under which it sought dismissal, but we construe its motion as a motion for judgment on the pleadings because OHL had answered Burton's complaints. See Fed. R. Civ. P. 12(b), (c). Although OHL attached evidentiary material to its motion, the District Court did not convert it into a motion for summary judgment, and the evidentiary material was not necessary to its resolution of the res judicata issue, which may be decided under Rule 12(c). See Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010).

3

Thereafter, the Magistrate Judge recommended granting OHL's motions to dismiss after determining that Burton's Title VII claims were barred by the doctrine of res judicata, and that the District Court should not exercise supplemental jurisdiction over Burton's state law claims, which the Magistrate Judge recommending dismissing with prejudice.  The Magistrate Judge also recommended that the District Court deny OHL's motion for attorney's fees and costs.  The District Court rejected Burton's objections to the Magistrate Judge's report (noting that most of the objections concerned the consolidation order), and on January 30, 2015 adopted the report as to the dismissal of Burton's federal claims under the res judicata doctrine.  The District Court also agreed that it should not exercise supplemental jurisdiction over Burton's state law claims, but dismissed those claims without prejudice so that Burton would not be precluded from bringing them in state court.  Finally, the District Court denied OHL's motion for fees and costs, finding no error in the Magistrate Judge's conclusion that Burton's claims were "not merely designed to harass."

Burton timely appealed.[3]

## II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over

---

[3] OHL has moved to dismiss the appeal as untimely filed.  Burton was required to file a notice of appeal with the District Court within thirty days of its January 30, 2014 order.  See Fed. R. App. P. 4(a)(1).  Although we did not docket her appeal until March 3, 2015, she filed her notice of appeal with the District Court on February 27, 2015.  Burton's appeal is therefore timely, and we hereby deny OHL's motion to dismiss.

4

dismissals based on res judicata (also called claim preclusion).  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).  We review the District Court's consolidation order for abuse of discretion.  See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., --- F.3d ----, 2015 WL 2107288, at *1 (3d Cir. May 7, 2015).

Burton is primarily concerned with the District Court's consolidation order, claiming that it violated her due process rights.  She is mistaken.  As the District Court explained, under Fed. R. Civ. P. 42(a), it has discretion to consolidate actions involving "a common question of law or fact."  Here, both of Burton's 2014 complaints concerned her November 2011 injury, her application for workers' compensation benefits, and her January 2012 termination from employment.  The District Court acted well within its discretion in consolidating the actions, and Burton's rights to pursue her claims were not undermined by the consolidation.

To the extent that Burton's complaints set forth any employment discrimination claims under Title VII, the District Court properly determined that those claims were barred by res judicata.  Res judicata requires: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted).  This doctrine bars not only claims that have been litigated, but also those claims that could have been asserted in the prior action.  Id.

5

The District Court correctly determined that all of the elements necessary for res judicata to apply were satisfied, and therefore, that Burton's federal claims were barred. First, a final judgment was issued in Plaintiff's 2012 lawsuit on July 21, 2014, when the District Court granted OHL's motion for summary judgment. The fact that Burton filed her first 2014 complaint before entry of judgment in the 2012 case had no effect on the application of res judicata. See Murphy v. Landsburg, 490 F.2d 319, 323 (3d Cir. 1973) (holding that, "[t]o be given res judicata . . . effect, a judgment need not be entered prior to the commencement of the action in which the binding effect of the judgment is sought"). Second, both cases involve the same parties.

Third, scrutiny of the complaints leaves no doubt that this action arises from the same events as the earlier case. See Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982) (stating that whether res judicata applies depends on the "essential similarity of the underlying events giving rise to the various legal claims" rather than the "specific legal theory invoked"); Elkadrawy, 584 F.3d at 173. Burton's only claim that could be considered as arising under Title VII or federal law is that OHL terminated her employment in retaliation for her filing a workers' compensation claim. This claim is indisputably connected to the 2012 action in that they arise out of the same employment relationship and derive from the same act of alleged discrimination (her termination of employment). Moreover, there is no doubt that Burton could have raised her retaliation allegations in her 2012 complaint. That she may have learned additional information

6

supporting her claims has no bearing on whether she could have brought the claim in her original complaint. See Elkadrawy, 584 F.3d at 173-74. Accordingly, any claims that Burton sought to raise under Title VII related to her November 2011 injury or January 2012 termination of employment were properly determined to be barred by res judicata.

Burton's remaining allegations, including defamation, slander, and her attempts to receive Pennsylvania unemployment and/or workers' compensation benefits, all arise under state law, and the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Burton's state law claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). Further, Burton seems to be under the impression that her July 2014 complaint is a proper appeal from the decision of the Pennsylvania Workers' Compensation Appeal Board, and that the dismissal of her complaint "closed" her claim for workers' compensation benefits. This is incorrect, as the District Court had no jurisdiction over any such appeal, which, as the Appeal Board's opinion stated, must be filed in Pennsylvania state court.

Based on the foregoing, we will affirm the District Court's judgment. OHL's "Motion for Unreasonable Attorney's Fees and Costs" is hereby denied.[4]

---

[4] We note that OHL did not file a notice of appeal from the District Court's decision denying its motion for attorney's fees and costs.