Emad **ELKADRAWY**, Appellant/Cross–Appellee

v.

The **VANGUARD GROUP, INC.**, Appellee/Cross–Appellant.

Nos. 09–1105, 09–1206.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 21, 2009.

Opinion Filed: Oct. 6, 2009.

---

Olugbenga O. Abiona, Esq., Philadelphia, PA, for Appellant/Cross–Appellee, Emad Elkadrawy.

Joseph J. Costello, Esq., Sean W. Sloan, Esq., Morgan, Lewis & Bockius, Philadelphia, PA, for Appellee/Cross–Appellant, The Vanguard Group, Inc.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

BARRY, Circuit Judge.

In a complaint dated May 1, 2008, plaintiff Emad Elkadrawy, an American citizen of Egyptian origin and a Muslim, alleged that his former employer, The Vanguard Group, Inc. ("Vanguard"), discriminated against him on account of his race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq.*, and his age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* On August 12, 2008, the District Court (Dalzell, J.) dismissed Elkadrawy's complaint for his failure to bring his claims within the ninety-day period mandated by 42 U.S.C. § 2000e–5(f)(1).

On September 8, 2008, Elkadrawy filed a second complaint, alleging race- and national origin-based discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons.Stat. § 962 *et seq.*, also against Vanguard. On December 5, 2008, the District Court (Tucker, J.) dismissed Elkadrawy's federal claims as barred by the doctrine of res judicata. The Court also dismissed the PHRA claim without prejudice to its renewal in state court. The parties' cross-appeals followed.

Elkadrawy challenges the dismissal of his federal claims, arguing that res judicata does not apply because (1) his prior complaint had not been resolved "on the merits" and (2) his § 1981 claims do not arise from the same material facts as his Title VII claims. Vanguard, on cross-appeal, argues that the District Court should have dismissed the PHRA claim with prejudice on res judicata grounds, because it is based on the same set of facts underlying the Title VII claims dismissed as part of

Elkadrawy's first complaint. We will affirm.

## I.

Elkadrawy was employed as a corporate accountant for Vanguard from October 2000 until December 2007. On May 21, 2007, he filed a charge of discrimination with the Pennsylvania Human Rights Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). On February 4, 2008, the EEOC notified him that it was closing his file and provided notice of his right to sue. He received substantially the same notice from the PHRC by its letter of April 21, 2008.

On May 1, 2008, Elkadrawy filed a *pro se* form complaint, with his EEOC charge and right-to-sue letter attached thereto. His PHRC notice was not attached and his filing with the PHRC was only obliquely mentioned in the EEOC charge. The complaint alleged (1) that Vanguard refused to provide the work experience and verification he needed to become a Certified Public Accountant, even though similarly situated co-workers were routinely afforded that opportunity, and (2) that he received a poor performance review four days after filing with the EEOC. Although his complaint named Vanguard as the only defendant, Elkadrawy mentioned three specific Vanguard employees. Elkadrawy also filed a motion to proceed *in forma pauperis*, which was denied on May 5, 2008. On May 13, 2008, he paid his filing fee, and his complaint was docketed. On May 27, 2008, counsel entered an appearance on his behalf.

On August 12, 2008, Judge Dalzell dismissed Elkadrawy's first complaint with prejudice as time-barred. The Court observed that Elkadrawy constructively received his EEOC right-to-sue letter on

February 7, 2008. Elkadrawy paid his filing fee on May 13, 2008, ninety-two days after his receipt of the right-to-sue letter, and therefore in violation of 42 U.S.C. § 2000e–5(f)(1).[1]

Elkadrawy filed his counseled second complaint on September 8, 2008. The allegations in that complaint can be divided into two groups. The allegations of discrimination set forth at ¶¶ 11–19 are indistinguishable from the allegations contained in his EEOC filing and first complaint. In his brief to us, Elkadrawy explains that these allegations were included in his second complaint only to support his previously unraised PHRA claims. The allegations at ¶¶ 20–29 constitute new claims, raised in neither the EEOC charge nor the first complaint, which implicate previously unmentioned Vanguard employees.[2] Elkadrawy asserts that these allegations support only the § 1981 claims.

Vanguard moved to dismiss Elkadrawy's second complaint in its entirety on res judicata grounds. As to the federal claims, the District Court held that Elkadrawy's "current § 1981 claims and previous Title VII claims quite clearly rest upon the same facts of alleged discrimination by Defendant, and would require presentation of the same evidence." (App. 4–5 n. 1.) As "[t]he ninety-day filing requirement for Title VII claims has been treated by the courts as a statute of limitations," and "[t]he rules of finality ... treat a dismissal on statute-of-limitations grounds as a judgment on the merits," the Court found the federal claims precluded. (*Id.* (citations omitted).) The Court then noted that,

pursuant to the PHRA, 43 Pa. Cons.Stat. § 962(c), Elkadrawy had two years from the dismissal of his complaint by the PHRC to file suit against Vanguard. As that time had not elapsed by the filing of the second complaint, and the ninety-day limitation that required dismissal of the first complaint was inapplicable to Elkadrawy's PHRA claim, the Court concluded that res judicata did not apply and dismissed that claim without prejudice to it being reraised in state court. Although not explicitly stated, we infer that the Court declined to exercise supplemental jurisdiction over the remnant PHRA claim under 28 U.S.C. § 1367(c)(3).

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of an application of res judicata is plenary. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir.2006). We review a district court's refusal to exercise supplemental jurisdiction for abuse of discretion. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 175 (3d Cir.1999).

## III.

In order to prevail on a defense of res judicata, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v.*

---

1. The time for filing was equitably tolled during the brief period of time that his *in forma pauperis* motion was pending.

2. In this second group, Elkadrawy alleges: (1) Vanguard's human resources department failed to investigate his claims of discrimination; (2) he received unwarranted negative performance reviews; (3) he was encouraged not to seek accounting certification; (4) he received lower pay than Caucasian co-workers; (5) he received more work assignments than Caucasian co-workers; and (6) he was subjected to several threatening, demeaning, and/or racially-insensitive remarks.

*Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Only the first and third of these considerations are at issue in this appeal.

## A. The Dismissal of Elkadrawy's Federal Claims With Prejudice

■ Elkadrawy claims, first, that res judicata does not apply because the District Court dismissed his first complaint on technical procedural grounds, not on the merits. This is incorrect. Section 2000e–5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter. 42 U.S.C. § 2000e–5(f)(1). We treat this requirement as a statute of limitations rather than a jurisdictional prerequisite to suit. *See Figueroa*, 188 F.3d at 176. "The rules of finality . . . treat a dismissal on statute-of-limitations grounds . . . as a judgment on the merits." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *see also* Fed.R.Civ.P. 41(b) ("[A]ny dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

■ While we have yet to address this issue in the context of successive discrimination claims, other circuits have done so. In *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983), the Fifth Circuit dismissed the plaintiff's § 1983 claims because earlier Title VII claims were dismissed as untimely. *Id.* at 562. The Eighth Circuit puts it succinctly: "a disposition of a Title VII action as untimely filed is a decision on the merits for purposes of res judicata." *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989) (dismissing the plaintiff's second complaint raising § 1981 claims). In the absence of countervailing precedent, we adopt the reasoning of our sister circuits

and conclude that Vanguard satisfies the "on the merits" prong of the res judicata analysis.

■ The closer question is whether Elkadrawy's § 1981 claims arise from the same set of facts as his Title VII claims. This analysis does not depend on the specific legal theory invoked, but rather "the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir.1982). "[T]he focal points of our analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir.1984). Moreover, "res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought." *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir.2007).

■ It does not matter for res judicata purposes that Elkadrawy proceeds under § 1981 rather than Title VII. He concedes that the allegations set forth at ¶¶ 11–19 of his second complaint are indistinguishable from the allegations in his first complaint and, thus, that his federal claims would be barred if these were the only allegations raised. But he insists that the remaining factual allegations in his second complaint, ¶¶ 20–29, are based on different, heretofore unalleged facts and, accordingly, do not arise from the same cause of action. These allegations are, indeed, different, as they involve supervisors and discrete discriminatory acts not referenced in the first complaint.

Even crediting Elkadrawy's attempt to distinguish his second set of facts as "new," it is beyond dispute that these allegations "could have been brought" as part

of his first complaint. Elkadrawy ·could have alleged the § 1981 claims in his first complaint, or amended that complaint to add these "new" claims, especially as they involve fundamentally similar issues and are alleged against the same lone defendant. Even those factual allegations that were not raised before the EEOC took place prior to the end of Elkadrawy's employment in December 2007, and could have been alleged in a complaint filed some five months later.

The fact that several new and discrete discriminatory events are alleged does not compel a different result. A claim extinguished by res judicata "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction *or series of connected transactions,* out of which the action arose." Restatement (Second) of Judgments § 24(1) (1982) (emphasis added). Considered pragmatically, these allegations are indisputably connected: they arise out of a single employment relationship and involve some form of race- or national origin-based discrimination. Accordingly, we will affirm the District Court's dismissal of Elkadrawy's federal claims with prejudice.

## B. The Dismissal of Elkadrawy's State Claim Without Prejudice

We turn next to Vanguard's cross-appeal. In opting to dismiss Elkadrawy's state claim without prejudice, the District Court held that, as the ninety-day filing requirement for Title VII claims has no bearing on the timeliness of a PHRA claim, which carries a two-year filing window, res judicata did not apply. We disagree. Elkadrawy concedes that his PHRA claim rests on allegations raised in his first complaint. As those allegations were resolved on the merits, res judicata, applied in isolation, bars subsequent claims

arising from the same set of facts, including state claims.

Our conclusion does not compel reversal, however. *See Nicini v. Morra,* 212 F.3d 798, 805 (3d Cir.2000) (*en banc*) ("We may affirm the District Court on any grounds supported by the record."). We have affirmed a district court's decision not to exercise supplemental jurisdiction even where, as here, the court does not refer to 28 U.S.C. § 1367 in its decision. *See Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir.2000); *Figueroa,* 188 F.3d at 181–82. Vanguard asks us, in essence, to determine whether the District Court abused the discretion afforded it by § 1367(c)(3) when it declined to exercise supplemental jurisdiction over his state claim and dismissed without prejudice instead of dismissing that claim with prejudice as precluded on res judicata grounds.

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, once the District Court dismissed Elkadrawy's federal claims, leaving only the state claim, the prerequisites for § 1367(c)(3) were met. Vanguard identifies no case law suggesting a strict order of decision whereby res judicata, if applicable, supercedes a district court's exercise of the discretion expressly afforded by § 1367(c)(3). Accordingly, we will affirm the Court's exercise of its discretion.

## IV.

In light of the foregoing, we will affirm the District Court's dismissal of Elkadrawy's federal claims with prejudice and its dismissal of Elkadrawy's state claim without prejudice.