**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2383
_____

JASMINE P. SHAH;
PETER I. SHAH;
JANUM MANAGEMENT, LLC

v.

UNITED STATES OF AMERICA

Jasmine P. Shah and Peter Shah,
Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00119)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2013
Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: September 30, 2013)
_____

OPINION
_____

PER CURIAM

1

Jasmine and Peter Shah appeal from the District Court's order granting the Defendant's motion to dismiss and denying their motion to amend the complaint. For the reasons set forth below, we will affirm.

I.

In June 2012, the Shahs and Janum Management LLC ("Janum"), a limited liability corporation wholly owned by the Shahas, filed a complaint in the District Court against the United States seeking damages and an injunction, inter alia, related to the United States' efforts to foreclose on certain real property located in Clearfield County, Pennsylvania, pursuant to an Order entered in <u>United States v. R.S. Carlin</u>, No. 3:10-cv-272 (W.D. Pa.) ("<u>R.S. Carlin</u>" or "the <u>R.S. Carlin</u> matter"). The Shahs and Janum seek a declaration from the District Court that the property is not encumbered by tax liens, and that the United States is not entitled to foreclose on and sell the property, despite the foreclosure order issued in <u>R.S. Carlin</u>.

In <u>R.S. Carlin</u>, R.S. Carlin, a now defunct Pennsylvania corporation, failed to pay taxes to Clearfield County in 2006 and to the IRS for years 1994, 1996, 1997, 1998 and 1999, on property it owned in Clearfield County, Pennsylvania. In July 2002, the IRS filed a Notice of Federal Tax Lien with respect to these tax liabilities, which totaled approximately $3 million. In an effort to recover the unpaid taxes, Clearfield County sold two tracts of R.S. Carlin's land to Janum in 2008. Thereafter, in November 2010, the United States filed a complaint against R.S. Carlin and Janum, seeking to foreclose

the federal tax lien against the Clearfield County property. The United States alleged that while Janum purchased the land from Clearfield County in 2008, the county did not notify the IRS of the sale and, thus, the federal tax lien remained attached to the property.

In February 2011, Mr. Shah, as managing member of Janum, filed an answer to the complaint on behalf of Janum.[1] The District Court encouraged Mr. Shah to obtain an attorney to represent Janum and after Mr. Shah attempted to file a response in opposition to the United States' motion for default judgment on behalf of Janum, the District Court ordered Janum to obtain counsel within sixty days or show cause why it had not and why default judgment should not be entered against Janum.[2] In November 2011, while the R.S. Carlin matter was pending, Janum transferred the Clearfield County property to the Shahs for ten dollars. On April 2, 2012, the District Court entered a default judgment against Janum, ordering that the United States was entitled to foreclose its lien on the Clearfield County property.

In June 2012, the Shahs, as the current owners of the Clearfield County property, and Janum, filed the instant action against the United States to recover damages, among other relief, allegedly incurred due to the foreclosure action in R.S. Carlin.[3][4] The United

---

[1] R.S. Carlin did not appear in court, answer the complaint, or defend itself and the District Court entered a default judgment against it.

[2] The District Court struck the documents Mr. Shah filed on behalf of Janum.

[3] The Shahs seek damages in the minimum amount of $1,000 per day from October 8, 2011, and a $100,000 fine "for negligence in obtaining [the] unlawful judgment to sell real property."

3

States filed a motion to dismiss the complaint. While the motion was pending, the Shahs filed a motion to amend their complaint to include claims for fraud and slander of title. The District Court concluded that the United States had not waived sovereign immunity with respect to the Shah's damages claims and, thus, the Court lacked subject matter jurisdiction over those claims.[5] The Court held that even if it had subject matter jurisdiction, all claims were barred by *res judicata*, or claim preclusion. Accordingly, the District Court granted the United States' motion to dismiss and denied the Shah's motion to amend the complaint. The Shahs timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over *res judicata* dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). We review a District Court's denial of leave to amend the complaint for abuse of discretion. Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993).

## III.

We will affirm the judgment of the District Court. The Shah's pro se complaint was properly dismissed as barred by the doctrine of *res judicata*, which bars claims that were brought, or could have been brought, in a previous action. In re Mullarkey, 536

---

[4] The United States agreed not to execute the order of sale in R.S. Carlin until resolution of the present case.
[5] With respect to the non-monetary claims, the District Court stated that its subject-matter jurisdiction over such claims was "questionable."

F.3d 215, 225 (3d Cir. 2008). [6]  It applies where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id.  Although *res judicata* is an affirmative defense for a defendant to plead, Fed. R. Civ. P. 8(c), dismissal for failure to state a claim may be appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as *res judicata* will necessarily defeat the claim.  See Jones v. Bock, 549 U.S. 199, 215 (2007).  *Res judicata* "is not a mere matter of technical practice or procedure but a rule of fundamental and substantial justice." See Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (internal quotation marks and citation omitted).  It is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid "the expense and vexation" of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action "by minimizing the possibility of inconsistent decisions." Id. (internal quotation marks omitted) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

Here, all of the requirements for *res judicata* are met.  *Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the

---

[6] Because we affirm the District Court's judgment on *res judicata* grounds, we do not reach the issue of subject matter jurisdiction.

claim.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (*res judicata* extends to all claims that "were or could have been raised in that action." (emphasis added)).  That is why it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits.  See Morris v. Jones, 329 U.S. 545, 550-51, (1947).  Accordingly, the Shahs are mistaken that the default judgment in the R.S. Carlin matter is not a final judgment on the merits

The same parties or their privies requirement is also met.  Janum was a defendant in the R.S. Carlin action.  Although the Shahs were not parties in R.S. Carlin, they were in privity with Janum.  "Privity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*.'"  Marran v. Marran, 376 F.3d 143, 151 (3d Cir. 2004) (quoting EEOC, 921 F.2d at 493).  Here, the relationship between the Shahs and Janum is sufficiently close to qualify as privies, as Janum is wholly owned by the Shahs.  Moreover, Janum and the Shahs are the preceding and succeeding owners of the property at issue.  "[N]onparty preclusion may be justified based on a variety of pre-existing substantive legal relationship[s] between the person to be bound and a party to the judgment.  Qualifying relationships include, but are not limited to, preceding and succeeding owners of property. . . ."  See Taylor v. Sturgell, 553 U.S. 880, 894 (2008) (internal quotations and citations omitted).

6

Additionally, contrary to the Shah's position, the fact that they were not allowed to represent Janum in the R.S. Carlin action does not mean that there is no privity. Representation in litigation is separate from control of litigation, and in R.S. Carlin the Shahs controlled the litigation. "[A] nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered." Id. at 895 (internal quotations and citations omitted). The record from the R.S. Carlin action shows that Peter Shah filed an answer to the complaint on behalf of Janum, as well as responses to the Government's motions. While these filings were stricken from the record because Peter Shah is not an attorney and could not represent Janum, it is clear that the Shahs controlled the litigation and, thus, were in privity with Janum.[7]

Finally, the third requirement is met because the Shah's present suit is based on the same cause of action in R.S. Carlin. Claim preclusion turns not on the specific legal theory asserted but on the essential similarity of the underlying events that give rise to the various legal claims. See United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984); Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982) (en banc). Federal courts look to whether the claims arise out of the same transaction or occurrence, see Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991), and the focus is on "whether the acts complained of were the same, whether the material facts

_____

[7] The Shahs assert that Jasmine Shah was not involved in the R.S. Carlin action and that she had no knowledge of the proceedings and, thus, there was no privity with Janum. This argument is unavailing because Jasmine Shah was co-owner of Janum and she authorized Peter Shah to represent Janum.

7

alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Id. (citation and quotation marks omitted). "A mere difference in the theory of recovery is not dispositive." Id.

The Shahs present a detailed chart outlining the distinctions between R.S. Carlin and their present suit, from differences in jurisdiction and venue, to different causes of action, yet none of their distinctions are legally relevant in determining whether *res judicata* bars them from bringing the present suit. The relevant inquiry is whether both suits arise out of the same underlying events and, here, both suits at issue arise out of the tax deficiency on the property in Clearfield County and the tax liens on the property. In R.S. Carlin, the District Court held that the United States was entitled to foreclose the lien and here, the Shahs contend that the United States is not entitled to foreclose the same lien. The evidence and documentation necessary to prove the claims in both suits are the same. While the Shahs argue here that the United States' lien lost priority to the Shahs' interest because the United States failed to re-file a Notice of Federal Tax Lien on the property within the proscribed time period, there was nothing to prevent this argument from being raised by Janum in the R.S. Carlin action. The Notice of Federal Tax Lien expired in November 2011, and judgment against Janum was entered in April 2012. As the District Court properly noted, *res judicata* bars not only those claims that were brought in a prior suit, but also those claims that could have been brought. See, e.g.

8

Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011). Accordingly, we agree with the District Court's dismissal of the Shahs' complaint on *res judicata* grounds.

Turning to the Shahs' motion to amend their complaint to include fraud, slander, and other claims, we agree with the District Court's decision to deny the Shahs' motion. These claims would also be barred by *res judicata*, and, thus, amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court