**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3097
_____

GREGORY S. MARKANTONE DPM, P.C;
GREGORY S. MARKANTONE,

Appellants

v.

PODIATRIC BILLING SPECIALISTS, LLC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-14-cv-00215)
Magistrate Judge: Hon. Lisa P. Lenihan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 17, 2015

Before: RENDELL, FUENTES, and BARRY, *Circuit Judges*

(Filed: April 27, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*

Gregory Markantone runs a podiatry practice and claims a copyright interest in certain medical data that he describes as "office procedures, patient information, operational rules, and related data." He admittedly has never registered his supposed copyright. Markantone entered into a licensing agreement with Podiatric Billing Specialists and, in connection with that agreement, Podiatric Billing came into possession of the medical data. After the agreement was terminated, Markantone demanded the return of his medical data, but Podiatric Billing refused unless Markantone paid it two thousand dollars.

This litigation followed, with Markantone and his medical practice asserting a claim for copyright infringement and various causes of action under Pennsylvania law. The District Court dismissed the federal copyright claim and declined to exercise supplemental jurisdiction over the remaining state-law claims as there is no diversity among the parties.[1]

Subject to certain exceptions not applicable here, an action for infringement of a copyright may not be brought until the copyright is registered. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ("Section 411(a)'s registration requirement is a precondition to filing a claim."). Acknowledging this requirement,

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under Rule 12(b)(6). *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). We review a district court's refusal to exercise supplemental jurisdiction for abuse of discretion. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009).

Markantone argues that "substantial justice" requires that we excuse registration in light of the purported Catch-22 he finds himself in: he cannot file a lawsuit for copyright infringement without registering the medical data, but he is unable to register the medical data because Podiatric Billing refuses to return it to him. Markantone cites no authority for what amounts to an equitable exception to the mandatory registration requirement. Nor will we consider such an argument. Markantone could have, as a precautionary matter, tried to register the medical data before entering into the licensing agreement. He also could pay the fee demanded by Podiatric Billing for the return of the medical data, register the copyright, and file suit afterwards if he believes he still has a cause of action. Additionally, Markantone could sue Podiatric Billing in Pennsylvania court. As we see it, Markantone's reliance on his self-described conundrum is a misguided effort to pursue a state-law breach of contract claim under federal copyright law.

The complaint fails for the additional reason that, assuming he had a valid copyright, Markantone does not allege that Podiatric Billing violated any of his exclusive rights in the medical data. Copyright owners have the exclusive right to, among other things, reproduce, distribute, and publicly perform their works. *See* 17 U.S.C. § 106; *Reed Elsevier*, 559 U.S. at 157; *Brownstein v. Lindsay*, 742 F.3d 55, 68 (3d Cir. 2014) ("A copyright is better described as a bundle of rights."). The closest Markantone comes to alleging a violation of his exclusive rights is his contention that Podiatric Billing is using the medical data against his "directive." But this vague allegation says nothing about how Podiatric Billing is using the medical data in violation of copyright law. Markantone even

concedes in his brief that he does "not yet know if [Podiatric Billing] is copying the medical data, distributing it, performing it, displaying it, etc." (Appellants' Br. 17.) Without any basis for believing that Podiatric Billing is violating one or more of his exclusive rights, Markantone improperly requests permission to go on a fishing expedition.

Once the federal copyright claim was dismissed, the District Court declined to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c); *Elkadrawy*, 584 F.3d at 174. Markantone challenges only one aspect of this issue on appeal. He maintains that one of the dismissed claims is actually based on federal rather than state law because it seeks a declaration that he may recover the medical data without violating any of Podiatric Billing's copyrights. But Markantone cannot create federal jurisdiction by asserting claims or defenses Podiatric Billing might raise. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 32-33 (3d Cir. 1981). And even if we assume this is a federal claim, it still must be dismissed because Markantone does not allege any facts showing that Podiatric Billing has threatened him with a copyright infringement suit.

For all these reasons, we affirm the District Court's order.