DLD-338                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2217
_____

ALBERT CHARLES BURGESS, JR.,
Appellant

v.

EBAY CORPORATION; PAYPAL CORPORATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:17-cv-00128)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Albert Charles Burgess, Jr., proceeding pro se, appeals the order of the United States District Court for the District of Delaware dismissing his complaint against Ebay Corporation ("Ebay") and PayPal Corporation ("PayPal"). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In November 2009, Burgess was convicted following a jury trial in the Western District of North Carolina of two felonies involving the receipt and possession of materials depicting minors engaged in sexually explicit conduct. Burgess was sentenced to 292 months of imprisonment followed by supervised release for life. United States v. Burgess, 684 F.3d 445 (4th Cir. 2012). In February 2017, Burgess filed a complaint in the District Court of Delaware. Burgess alleged that that after he closed his accounts with Ebay and PayPal he was charged with a membership to a child pornography website. Burgess asserted that the defendants unlawfully partnered with law enforcement and provided information regarding his accounts that led to his prosecution. Burgess alleged violations of his constitutional and civil rights in addition to breach of contract. The District Court screened Burgess' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the action as legally frivolous. The District Court determined that Burgess' claims were barred by the statute of limitations and res judicata, also called claim preclusion. Burgess sought reconsideration, but the District Court denied Burgess' motion. Burgess appeals from both rulings.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review

de novo the District Court's dismissal of a complaint on claim preclusion

grounds. Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011). We review the

District Court's denial of a Rule 59(e) motion for abuse of discretion. See Max's

Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We will affirm the District Court's ruling on claim preclusion grounds. This was

Burgess' fourth complaint concerning the defendants' alleged cooperation with law

enforcement that led to his prosecution. On April 20, 2011, Burgess filed a complaint in

the United State District Court for the Northern District of California against Ebay,

PayPal, and others. Burgess contended that Ebay and PayPal unlawfully falsified records

to make it appear that he had downloaded child pornography. Burgess asserted that the

defendants had provided this information to law enforcement and it resulted in his

prosecution. The action against Ebay and PayPal was dismissed for failure to effect

service pursuant to Federal Rule of Civil Procedure 4(m). See Burgess v. Ebay, Inc., Civ.

No. 4:11-cv-1898-SBA (N.D. Cal.) (order entered on January 2, 2013). The district court

subsequently dismissed the action in its entirety pursuant to Rule 41(b) when Burgess

failed to file a second amended complaint. Id. (order entered on February 21, 2013).

---

[1] Burgess' notice of appeal was premature, but it became effective once the District Court denied reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i). Burgess filed a timely amended notice of appeal from the denial of reconsideration, as is required by Fed. R. App. P. 4(a)(4)(B)(ii); accordingly, we have jurisdiction to review the denial of reconsideration. Cf. United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

On February 28, 2011, Burgess filed a complaint in the United State District Court for the District of Massachusetts, alleging that Ebay and PayPal are law enforcement agencies that violated various civil and criminal laws by using "pop ups" and releasing Burgess' financial transactions. The complaint was dismissed, inter alia, for failure to state a claim. Burgess v. Ebay, Inc., Civ. No. 11-10334-RGS (D. Mass.) (order entered on April 8, 2011). On March 7, 2011, Burgess filed another complaint against Ebay, PayPal, and others in the United State District Court for the Middle District of North Carolina, raising allegations similar to those presented in his two prior complaints. The matter was dismissed after Burgess failed to file an amended complaint. See Burgess v. Ebay, Inc., Civ. No. 11-193-CCE-LPA (M.D.N.C.) (order entered on October 7, 2013).

Claim preclusion protects defendants from having to defend "multiple identical or nearly identical lawsuits." Morgan, 648 F.3d at 177. Claim preclusion applies where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted). The first two factors are satisfied here, as several district courts have previously dismissed Burgess' allegations against the same defendants for failure to state a claim or pursuant to Rule 41(b). See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits" and has claim preclusive effect) (internal quotation marks

4

omitted); Fed. R. Civ. P. 41(b). Burgess also raised the same claims in each of his complaints. In making such a determination, we look to "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citation omitted). Burgess' complaints all assert various legal claims that arise out of Ebay's and PayPal's alleged unlawful cooperation with law enforcement. Accordingly, the District Court properly dismissed his complaint as barred by claim preclusion.[2]

Moreover, the District Court did not err when it dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile). Likewise, the District Court did not abuse its discretion in denying Burgess' motion for reconsideration. Reconsideration is warranted if a litigant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café,176 F.3d at 677 (citation omitted). As the District Court concluded, Burgess did not establish any basis for reconsideration.

Accordingly, we will summarily affirm the judgment of the District Court.

---

[2] Because we conclude that Burgess' claims are barred by claim preclusion, we need not address the District Court's conclusion that Burgess' claims are barred by the statute of limitations.

5