**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1735

_____

ALBERT J. FIELDS, JR,

Appellant

v.

CITY OF SALEM HOUSING AUTHORITY;
ELIZABETH LOYLE; FRANCINE DICKERSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-14-cv-00778)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 16, 2017)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Albert J. Fields, Jr., appeals from orders of the District Court granting summary judgment to the remaining defendants pursuant to Federal Rule of Civil Procedure 56(a) and denying reconsideration. For the reasons that follow, we will affirm. [1]

Fields was a tenant in a federally subsidized residence operated by the Housing Authority of the City of Salem, New Jersey beginning on or about July 12, 2010.[2] Pursuant to 24 C.F.R. §§ 5.628 and 5.630, a tenant's rent is based on a percentage of his income, or a minimum monthly payment of $50.00. The lease agreement required Fields to make monthly rental payments in the amount of $50.00 and also required him to furnish accurate information to management on an annual basis for a redetermination of rent. As relevant here, on June 6, 2013, Property Manager Francine Dickerson wrote a letter to Fields requesting documentation for the annual reexamination of rent to take place on June 26, 2013. The Housing Authority conducted its income verification and determined that Fields had underreported income in excess of $9,000.00. On August 5, 2013, Regional Operations Manager Elizabeth Loyle wrote a letter to Fields stating that he owed an additional $2,521.00 and that his monthly rent obligation was increased to $308.00, beginning in July, 2013. Loyle advised Fields that, pursuant to 24 C.F.R. 966.55 (which is now found at § 966.56), he had the right to request a formal grievance hearing and contest the finding. Also on August 5, 2013, Loyle sent Fields a Notice of

---

[1] Inasmuch as we write primarily for the parties who are familiar with the factual and procedural history of this case, we will set forth only those facts necessary to our brief discussion.

[2] The Housing Authority is overseen by the United States Department of Housing and Urban Development.

Termination and Demand for Possession due to nonpayment of rent, demanding that he vacate the premises by August 20, 2013.

On September 26, 2013, the Housing Authority filed a complaint in the New Jersey Superior Court, seeking Fields' eviction from the premises due to nonpayment of rent. After a trial, the state court issued an order granting the Housing Authority a judgment for possession unless Fields made a payment of $3,703.00 by October 21, 2013.[3] Fields did not make that payment. Instead, on November 1, 2013, Fields filed a motion to vacate the judgment of possession pro se, alleging that the Housing Authority used a contrived income calculation, fraudulently misrepresented to the court that he had not initiated a formal grievance, and had conducted a retaliatory eviction. The motion to vacate the judgment of possession was denied on December 13, 2013 by the Honorable Darrell M. Fineman. Subsequently, Fields was removed from the premises pursuant to a warrant of removal.

On February 7, 2014, Fields filed an in forma pauperis civil rights action, 42 U.S.C. § 1983, in the United States District Court for the District of New Jersey against the City of Salem Housing Authority, and Housing Authority employees Dickerson and Loyle. The complaint was amended on May 14, 2014. In Count One of the amended complaint, Fields contended that, upon the filing of a request for a financial hardship exemption, the Housing Authority was required under 24 C.F.R. § 5.630(b) to suspend

---

[3] The $3,703.00 figure was calculated to include the $2,521.00 previously sought by the Housing Authority plus four months of rent at $308.00 less one payment made by Fields in the amount of $50.00.

the rent requirement for a period of ninety days, and its failure to do so constituted a violation of due process. In Count Two, Fields alleged that, when the Housing Authority increased his rent and made such increases retroactive without prior notice, it further violated his due process rights. In Count Three, Fields alleged that, in retaliation for filing a financial hardship exemption, the Housing Authority initiated proceedings for nonpayment of rent, in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1986, his right to due process, and New Jersey state law. In Count Four, Fields alleged that, when his rent was increased in June, 2013, Dickerson and Loyle received a written objection from him and should have provided him with an informal hearing, and that their failure to do so violated his due process rights and precluded them under the regulations from filing an eviction action.

On August 7, 2014, Fields returned to the Superior Court of New Jersey and filed a second motion to vacate the judgment of possession, raising the same claims as in his original motion to vacate. In denying this second motion, on October 30, 2014, Judge Fineman determined that the Housing Authority complied with the notice and grievance requirements set forth in 24 C.F.R. § 966.50 et seq., that the letter sent to Fields on August 5, 2013 complied with federal law, and that the notice included clear directions regarding Fields' right to a direct discussion with the Housing Authority and to a formal hearing. Judge Fineman concluded that Fields could not state a viable claim for a due process violation because of his own inaction regarding the available grievance process. He further determined that, in any event, Fields had failed to provide any justification for misrepresenting his income, that it was undisputed that Fields owed money to the

4

Housing Authority for failure to report income derived from employment, and that the Housing Authority had the right to evict Fields on the basis of those misrepresentations. Fields sought reconsideration. In denying reconsideration on January 20, 2015, Judge Fineman reaffirmed his determination that the Housing Authority complied with the notice and grievance requirements set forth in the federal regulations and his finding that Fields admitted at his trial that he had not requested the informal discussion with housing authorities nor had he requested a formal hearing in writing.

Fields appealed to the Appellate Division of the Superior Court, contending that Judge Fineman erroneously concluded that the Housing Authority's August 5, 2013 letter satisfied its obligation to notify him of his right to a hearing, and asserting that he was not given the grievance hearing to which he was entitled.

Meanwhile, in an order entered on July 10, 2015, the District Court screened Fields' federal complaint pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e), and dismissed Counts One, Two, and Three, which included all claims against the Housing Authority. Fields was given 30 days to advise the Court if he intended to proceed only on the claims in the amended complaint against Loyle and Dickerson in Count Four or if he intended to file a second amended complaint. Fields wrote to the Court stating that he intended to proceed only on Count Four and thus the Court's order of dismissal with respect to the Housing Authority and Counts One, Two and Three was with prejudice.[4]

---

[4] Fields does not challenge in his Informal Brief the District Court's order dismissing Counts One and Two of the amended complaint, and, accordingly, any claims relating to

5

Loyle and Dickerson answered the amended complaint. Fields then moved for summary judgment, contending that he submitted a written grievance to Dickerson and Loyle concerning the increase in his rent, but they failed to provide him with an informal hearing and instead commenced eviction proceedings, in violation of his right to due process. Loyle and Dickerson filed separate cross-motions for summary judgment, arguing that Fields' claims were barred by the doctrine of issue preclusion because they were fully litigated in state court. In an order entered on July 6, 2016, the District Court awarded summary judgment to Dickerson and Loyle and denied Fields' motion for summary judgment. The Court then denied a timely filed motion for reconsideration in an order entered on March 30, 2017.

Fields appeals. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's grant of summary judgment *de novo*. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). We also exercise plenary review over issue and claim preclusion dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We will affirm. In his Informal Brief, Fields argues that the District Court erred in barring his suit in federal court. We disagree. Res judicata, also known as claim preclusion, and issue preclusion, apply in both federal court and New Jersey and

those counts are deemed waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

6

foreclose relitigation of certain matters. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The doctrines are "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seek to avoid "the expense and vexation" of multiple lawsuits, while conserving judicial resources and "minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Federal courts afford preclusive effect to cases and issues decided by state courts. Allen v. McCurry, 449 U.S. 90, 95-96 (1980).

Under New Jersey law, which the District Court properly applied here, the party asserting the doctrine of issue preclusion "must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." Olivieri v. Y.M.F. Carpet, Inc., 897 A.2d 1003, 1009 (N.J. 2006). The District Court correctly found that all elements necessary for issue preclusion to apply were satisfied and, therefore, that Fields' federal court action was barred. In Count Four of Fields' amended complaint he alleged that Loyle and Dickerson deprived him of a grievance hearing prior to evicting him. This is the same issue that Fields actually litigated before Judge Fineman in the Superior Court of New Jersey. The same issue was again litigated when Fields filed a motion for reconsideration. In denying that motion, Judge Fineman again concluded that the Housing Authority fulfilled its obligations in offering Fields an opportunity for an informal and formal hearing. Both of

7

Judge Fineman's decisions were determinations on the merits, and, we would add, they have been upheld on appeal.[5]  In addition, the determination of the issue was essential to the prior judgments, and Fields was a party in the state court proceedings.

In his Reply Brief, Fields argues that he does not seek to relitigate the grievance hearing issue, but rather to litigate his claim of a retaliatory eviction.  Appellant's Reply Br. 3.  A claim of retaliatory eviction against the Housing Authority was included in Count Three.  The District Court, in screening the amended complaint pursuant to § 1915(e), dismissed without prejudice the claims set forth in Count Three pursuant to 42 U.S.C. §§ 1983 and 1986, and the state law claim based on a February 2012 eviction proceeding.  Thereafter, Fields declined to pursue these claims further, and, accordingly, we deem them withdrawn.  The District Court dismissed with prejudice the state law claim based on an August 2012 eviction proceeding because the same claim was dismissed with prejudice by the Superior Court in a separate action for failure to file a tort claims notice.  The District Court did not err in this regard.  "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give

---

[5] On October 4, 2016, the Appellate Division of the Superior Court affirmed the orders denying Fields' motion to vacate the judgment of possession and order denying his motion for reconsideration.  See Housing Authority of the City of Salem v. Fields, 2016 WL 5746630 (N.J. Super. Ct. App. Div. Oct. 4, 2016) (per curiam).  The Appellate Division agreed with Judge Fineman that "the [Housing] Authority had established a right to possession, as well as compliance with the notice and grievance requirements set forth in 24 C.F.R. §§ 966.54-55." Id. at *1.  Moreover, the court reasoned, "the record demonstrated that [Fields] admitted during trial he had not requested a hearing despite having been advised of his rights thereto." Id.

8

full faith and credit to the state judgment . . . ." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993).

To the extent that Fields intended to state a federal due process retaliatory eviction claim in Count Four against Loyle and Dickerson in connection with the 2013 eviction proceedings, Appellant's Reply Brief, at 4-5, it is barred by the doctrine of claim preclusion. "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined," Watkins v. Resorts International Hotel & Casino, Inc., 591 A.2d 592, 599 (N.J. 1991), which here would include Fields' retaliatory eviction claim in connection with the 2013 eviction proceedings.

Fields' motion for reconsideration was properly denied by the District Court because he did not argue an intervening change in the law, new evidence, or the need to correct a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court awarding summary judgment to Loyle and Dickerson and denying Fields' motion for summary judgment and motion for reconsideration.

9