BLD-010                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1887
_____

ABRAHIM FATA,
                            Appellant

v.

ABRAHAM ORTIZ; PAMELA PEREZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:24-cv-06936)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2025
Before: KRAUSE, MATEY, and BOVE, Circuit Judges

(Opinion filed: January 6, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Abrahim Fata, proceeding in forma pauperis, appeals from the District Court's order dismissing his amended complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

In December 2024, Fata filed his civil rights complaint against defendants Abraham Ortiz and Pamela Perez. Fata raised multiple federal constitutional and civil rights claims, state tort claims, and allegations that defendants had violated multiple federal criminal statutes. Fata also alleged that defendants' actions assisted a conspiracy to cover up the sexual abuse of his children. After granting Fata's application to proceed in forma pauperis, the District Court: (1) dismissed Fata's conspiracy allegations as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (2) dismissed Fata's constitutional and civil rights claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; (3) dismissed Fata's criminal allegations because the statutes do not give rise to a private cause of action; (4) dismissed Fata's state law claims for lack of subject matter jurisdiction; and (5) dismissed for lack of standing any claims that Fata sought to bring on behalf of his son.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe Fata's allegations liberally and exercise plenary review over the District Court's dismissal order. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020) (citations

2

omitted). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4.

We agree with the District Court's decision to dismiss this case. To the extent that Fata sought to bring any claims on behalf of his son, he is not an attorney and cannot represent him pro se. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). On his conspiracy claim, Fata's complaint lacks specific factual allegations to explain how he is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Fata's belief that a conspiracy exists, and that defendants' actions assisted the conspiracy, is not sufficient to survive dismissal. See Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) ("[W]e are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as factual allegation.") (citation omitted).

Fata's attempt to bring claims under 42 U.S.C. § 1983 fails because defendants, who are private citizens, are not state actors and were not acting under color of law. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). His attempt to bring claims under the federal criminal statutes fails because criminal statutes generally do not give rise to a private cause of action. See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994). Finally, the District Court correctly dismissed Fata's state law claims for lack of subject matter jurisdiction because he failed to allege a basis for diversity jurisdiction. See McCann v. Newman Irrevocable Tr., 458 F.3d 281,

3

286 (3d Cir. 2006). Having dismissed all of Fata's claims over which it had original jurisdiction, the District Court then acted within its discretion in declining to exercise supplemental jurisdiction over the claims. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

Considering the foregoing, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without leave to amend after determining that further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's judgment.[1]

---

[1] Although Fata's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) and pursuant to Federal Rule of Civil Procedure 15(a)(B) is denied because those rules are not applicable to filings before this Court, in light of his pro se status, we have reviewed the Motion in its entirety and taken it into account in reaching the foregoing conclusions.

4