**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 25-1782, 25-1783
_____

DANA ELROY SMITH,
Appellant

v.

JOHN D. DECKER, PA State Trooper; JESSICA WILLIAMS,
PA State Trooper; ROBERT NORTON, PA State Trooper;
MARK ROCKOVISH, Warden - Luzerne County Correctional Facility;
LUZERNE COUNTY PRISON; COUNTY OF LUZERNE
_____

WILLIAM MATTHEWS,
Appellant

v.

JOHN D. DECKER, Pennsylvania State Trooper; JESSICA WILLIAMS,
Pennsylvania State Trooper; ROBERT NORTON, Pennsylvania State Trooper;
STACEY/STEPHANIE MILLER, Deputy Superintendent SCI Dallas;
KEVIN RANSOM, Superintendent SCI Dallas
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 4:25-cv-00386, 4:25-cv-00385)
U.S. District Judge: Julia K. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2026

Before: SHWARTZ, CHUNG, and AMBRO, Circuit Judges.

(Filed: January 16, 2026)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

Plaintiffs Dana Elroy Smith and William Matthews appeal the District Court's orders dismissing their complaints on res judicata grounds. Because Plaintiffs' new claims against Pennsylvania State Police Troopers John D. Decker, Jessica Williams, and Robert Norton (the "State Police Defendants"), Smith's new allegations against Warden Mark Rockovich, Luzerne County Prison, and the County of Luzerne (the "Luzerne County Prison Defendants"), and Matthews' new assertions against Deputy Superintendent Stacey Miller and Superintendent Kevin Ransom (the "SCI Dallas Defendants") are all based on the same facts as their prior suit, they are barred and so we will affirm.

I

Plaintiffs were charged with "solicitation to commit criminal homicide and criminal conspiracy."[1] Amended Complaint ¶ 13, Smith v. Decker, 4:22-cv-01396-JKM (M.D. Pa. Apr. 28, 2023), Dkt. No. 51 ("Joint Complaint"); Complaint ¶ 8, Smith v.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] We recount only Plaintiffs' original claims in Smith v. Decker, 4:22-cv-01396-JKM that were re-raised against the Defendants named in Plaintiffs' later complaints in Smith v. Decker, 4:25-cv-00386-JKM (M.D. Pa. Mar. 3, 2025) and Matthews v. Decker, 4:25-cv-00385-JKM (M.D. Pa. Mar. 3, 2025).

2

Decker, 4:25-cv-00386-JKM (M.D. Pa. Mar. 20, 2025) (hereinafter, "Smith Action"), Dkt. No. 1 ("Smith Complaint"); Complaint ¶ 8, Matthews v. Decker, 4:25-cv-00385-JKM (M.D. Pa. Mar. 20, 2025) (hereinafter "Matthews Action"), Dkt. No. 1 ("Matthews Complaint"). After they were charged, (1) Smith was incarcerated at the Luzerne County Prison, where he was allegedly harassed, threatened, assaulted, and mistreated, and (2) Matthews—who was already in custody at SCI Dallas—was allegedly placed in restrictive prison housing without reason.

Plaintiffs alleged that, over the next nine months, preliminary hearings were scheduled, but the informant, whom Plaintiffs assert was the only witness, did not appear and they remained in custody. Plaintiffs claimed that, soon after the charges were filed, the informant told the State Police Defendants that he would not testify against the Plaintiffs, but they elsewhere claimed that the State Police Defendants knew the informant would not testify even when the charges were filed, see Joint Compl. ¶ 15 ("[The State Police Defendants] filed said charges, and continued to prosecute the Plaintiffs, knowing that no actual witness was available to testify."); Despite this knowledge, the State Police Defendants sought continuances of the preliminary hearing until the cases against Plaintiffs were dismissed.

Plaintiffs sought monetary relief under 42 U.S.C. § 1983 the Joint Complaint, alleging: (1) the State Police Defendants violated their Fourth and Eighth Amendment rights as well as their "due process rights" by proceeding on "false charges" while "knowing [defendants] had no witness and/or evidence," Joint Compl. ¶ 18, (2) the

3

Luzerne County Prison Defendants violated Smith's "civil rights" by causing his mistreatment, Joint Compl. ¶ 47, and (3) the SCI Dallas Defendants violated Matthews' "civil rights and due process" by placing him in "restrictive housing for no given reason," Joint Compl. ¶ 32. After considering Reports and Recommendations from a Magistrate Judge, the District Court dismissed all of Plaintiffs' claims with prejudice. Smith v. Decker, 4:22-cv-01396-JKM, 2024 WL 1536752, at *5 (M.D. Pa. Apr. 9, 2024).

Eleven months later, Plaintiffs filed separate complaints under § 1983 seeking monetary relief from the State Police Defendants, with Smith also naming the Luzerne County Prison Defendants and Matthews naming the SCI Dallas Defendants. Plaintiffs again claim that the State Police Defendants charged and continued prosecuting Plaintiffs "knowing that they had no evidence, nor witnesses, nor a legal reason to keep these charges pending" in violation of the Fourth and Eighth Amendments and due process. Matthews Compl. ¶¶ 20, 23; Smith Compl. ¶¶ 20, 23. In addition to the facts set forth in their original suit, Plaintiffs now also (1) allege that a confidential informant told police Smith had remarked to Matthews that he wanted a local prosecutor killed, (2) claim that the confidential informant told authorities Matthews asked the informant "to make 'the hit,'" Smith Compl. ¶ 13; Matthews Compl.¶ 13, and (3) deny that Smith paid the informant to carry out that "hit," Smith Compl. ¶ 18; Matthews Compl. ¶ 18. Again, Plaintiffs contend the State Police Defendants knew the informant would not testify at the time they filed the charges.

As in the original suit, Smith claims in his new action that the Luzerne County

4

Prison Defendants "subjected [him] to cruel and unusual punishment under the [Eighth] Amendment" by harassing him, which led to him being mistreated by inmates and guards, but he adds that prison authorities "ignored [his] complaints which thus caused more harassments, threats, and assaults." Smith Compl. ¶¶ 32, 33.

Likewise, in his new action, Matthews repeats his original allegations that the SCI Dallas Defendants placed him in restrictive housing without cause, but now adds that he "received harassment from the guards constantly based" on his arrest, Matthews Compl. ¶ 32, in violation of the Eighth Amendment.

Recognizing that Plaintiffs "previously sued these defendants for the same alleged civil rights violations arising out of the same or substantially similar underlying facts," the District Court ordered Plaintiffs to show cause why their new complaints were not barred under res judicata. Order to Show Cause, Smith Action, Dkt. No. 4; Order to Show Cause, Matthews Action, Dkt. No. 4. Plaintiffs responded that their new complaints "now primarily focus[] on the actions of the [State Police Defendants] prior to the filing of the charges," which establish they knew that the confidential informant would not testify or cooperate. Response to Order to Show Cause, Smith Action, Dkt. No. 5; Response to Order to Show Cause, Matthews Action, Dkt. No. 5.[2] "[F]ail[ing] to see how this nuance makes th[ese] subsequent suit[s] different," the District Court dismissed Plaintiffs' "duplicative" complaints because they were barred by res judicata.

---

[2] Plaintiffs did not mention the Luzerne County Prison and SCI Dallas Defendants in their responses.

5

Matthews v. Decker, 4:25-cv-00385, 2025 WL 888425, at *1-2 (M.D. Pa. Mar. 21, 2025)**;** Smith Action, Dkt. No. 6.

Plaintiffs appeal.

## II[3]

Res judicata applies where "there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172-73 (3d Cir. 2009) (citing Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)). Plaintiffs acknowledge there was a judgment on the merits in the prior suit, and that case involved the same parties as the present ones.[4] Thus, we need consider only whether Plaintiffs' new complaints are based on the same "cause[s] of action." Id. at 173.

"We take a broad view of what constitutes the same cause of action." Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010) (internal quotation marks and citation omitted). To determine the similarity of causes of action, we consider:

> (1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same.

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. "Our review of an application of res judicata is plenary." Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

[4] Plaintiffs acknowledge there was a judgment on the merits in the prior suit, and that the case involved the same parties as the present ones.

Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (internal quotation marks and citation omitted)).

Here, Plaintiffs' new claims against the State Police Defendants repeat their allegations in the Joint Complaint that Plaintiffs were improperly imprisoned based on charges supported by only the testimony of a confidential informant whom Defendants allegedly knew would not testify. Similarly, Plaintiffs again seek monetary compensation for violations of the same constitutional provisions asserted in the prior suit. Although Plaintiffs now offer additional facts upon which the State Police Defendants built their case and more explicitly suggest that these Defendants were aware the informant would not testify when the charges were filed, the original suit and new ones all contend that the Defendants filed charges knowing their only witness would not testify. These additional allegations "do[] not change the fact that the underlying assertions giving rise to each claim were the same." Sheridan, 609 F.3d at 261; see also Elkadrawy, 584 F.3d at 174 (determining that new allegations arose from the same cause of action when they were "indisputably connected" to the prior suit). Furthermore, the allegations in the prior suit and the new complaints are based on the same evidence. See Lubrizol, 929 F.2d at 963 (recognizing that causes of action were the same where they both required reliance on the same material facts demonstrated by the same witnesses and documents); cf. O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1065 (3d Cir. 1991) (holding that causes of action were not the same where one would require establishing "many more facts" than necessary to the other action). Thus, Plaintiffs' new claims

7

against the State Police Defendants are based on the same causes of action as their earlier suit and are therefore barred by res judicata.

Similarly, as to the Luzerne County Prison and SCI Dallas Defendants, Plaintiffs' new complaints bring the same claims based on the same alleged conduct that would require the introduction of the same evidence as their initial complaint. Therefore, these claims are also barred by res judicata.[5] See Sheridan, 609 F.3d at 261.

III

For the foregoing reasons, we will affirm.

---

[5] Any effort to assert new claims in the new complaints would also fail because they are based on the same facts as the Joint Complaint. Beasley v. Howard, 14 F.4th 226, 231-32 (3d Cir. 2021) ("The prior judgment's preclusive effect . . . extends . . . to the claims that the plaintiff brought in the first action [and] to any claims the plaintiff could have asserted in the previous lawsuit.").