**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2615
_____

PATRICIA SMALLS,
                              Appellant

v.

RIVIERA TOWERS CORPORATION; AMERICAN EXPRESS BANK FSB;
FEIN SUCH KAHN & SHEPPARD PC; N.J. GOV. CHRIS CHRISTIE;
STANLEY R. CHESLER, Federal U.S. District Judge; GLENN GRANT;
ROBERT BUCKALEW, Esq. RTC Board Member; WEST NEW YORK POLICE;
BUCKALEW FRIZELL & CREVINA; PHH CORP; COLDWELL BANKER;
ROBERT MENENDEZ; PAUL BLAINE; CARLO ABAD;
KENNETH BLANE, Esq RTC Board President; MICHAEL SIGNORILE, Detective;
FIRST SERVICE RESIDENTIAL; FANNIE MAE; AMERICAN MOVERS INC;
THEODORE A. MCKEE; MICHAEL CAMPION; AMARILIS A. DIAZ;
ANTHONY IANCONO; LOURDES MERCADO;
HUDSON COUNTY PROSECUTORS OFFICE; ROBERT WEIBLE;
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY;
JERSEY CITY MUNICIPAL COURT; ARURA NARAYANAN;
HEMANT AMIN; RICHARD GILLEN; JENNIFER SHASHATY;
MICHAEL MORAN; ANGELA ALVAREZ; BARBARA A. KARPOWICZ;
DAVID G. FRIZZELL; BARRY P. SARKISIAN; HECTOR VELAZQUEZ;
PETER BARISO, JR.; MITCHELL OSTRER; MARIE P. SIMONELLI;
STUART RABNER; JOHN R. MIDDLETON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 16-cv-00847)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 1, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

_____

OPINION[*]
_____

PER CURIAM

Patricia Smalls appeals from the final judgment in her fourth federal lawsuit concerning her eviction from her co-op apartment in 2012.[1]  As the District Court properly dismissed the complaint, we will affirm.

I.

Smalls' complaint named 24 defendants who were involved in some way in the events surrounding her eviction from her apartment and its aftermath.  The District Court succinctly summarized the allegations as follows:

- Riviera Towers filed an action against [Smalls] in 2011, in New Jersey state court, seeking unpaid maintenance fees;
- Riviera Towers obtained a judgment against [Smalls] in the amount of $8,133.50, which [Smalls] failed to pay, resulting in her eviction from Riviera Towers; and
- [Smalls] asserts that the state court action was unauthorized or illegal, that Riviera's actions were motivated by racism, and that her eviction from her co-op constitutes theft.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Her previous lawsuits are:  Smalls v. Riviera Towers Corp., D.N.J. Civ. No. 12-cv-06312 (Jan. 16, 2014 order dismissing complaint with prejudice); Smalls v. Buckalew Frizzell Crevina LLP, D.N.J. Civ. No. 13-cv-04637 (June 25, 2014 order dismissing without prejudice to filing an amended complaint (Smalls did not file an amended complaint within the time provided)); Smalls v. Sarkisian, D.N.J. Civ. No. 13-cv-04698 (June 2, 2014 order dismissing with prejudice).  Smalls did not file a notice of appeal in any of the three cases.

- [Smalls] asserts that each named Defendant engaged in conspiratorial acts related to the "illegal" eviction.

Dkt. #89 at 7. The complaint listed a number of federal statutes and constitutional provisions as providing a basis for "jurisdiction," Dkt. #1 at 3, but in the body of her complaint, Smalls raised claims against particular defendants only under 18 U.S.C. §§ 241 and 242, and Amendments Four, Five, Seven, and Fourteen of the United States Constitution, Dkt. #1 at 8-12.[2] Three defendants answered Smalls' complaint,[3] and the rest moved for dismissal (the "Moving Defendants"). Defendants FirstService Residential and Anthony Iacono later filed a motion to dismiss, which the District Court converted to a summary judgment motion. As explained further below, all claims against all parties were eventually dismissed.

II.

---

[2] For example, Smalls indicated that the Court had jurisdiction under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3631, which prohibits discriminatory practices in the housing sector of our nation's economy, but she did not allege that any particular defendant violated the FHA. In any event, the addition of the phrase "because I am a black woman" to several of the counts of her complaint, without more, is not sufficient to demonstrate a plausible claim for relief under the FHA. See, e.g., Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 177 (3d Cir. 2005) ("To prevail on a disparate treatment claim [under the FHA], a plaintiff must demonstrate that some discriminatory purpose was a 'motivating factor' behind the challenged action."); EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) ("While a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed" (alterations and citations omitted)).

[3] American Movers, Inc., FirstService Residential, and Anthony Iacono answered the complaint.

3

We have jurisdiction to review final orders entered by the District Court. 28 U.S.C. § 1291. At the time Smalls filed her appeal, cross-claims asserted by FirstService Residential and Iacono against the other Defendants were outstanding, but since that time, FirstService Residential and Iacono filed a notice of voluntary dismissal of cross-claims, under Fed. R. Civ. P. 41(a) and (c), indicating that they were dismissing their cross-claims with prejudice. Dkt. #167. As all claims now have been resolved, we may exercise our jurisdiction over this appeal. See Alcoa v. Beazer E., 124 F.3d 551, 557 (3d Cir. 1997).[4]

We exercise plenary review over a district court's order granting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We also engage in plenary review of an order granting a party's motion for summary judgment. Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ., 880 F.3d 643, 650 (3d Cir. 2018).

In her brief here, Smalls disagrees with the District Court's rulings but does not explain why the Court's legal reasoning was incorrect. Instead, she reiterates the claims of her complaint. We thus could construe her brief as waiving any challenge to the

---

[4] Smalls' notice of appeal lists only the July 19, 2018 order of the District Court, which dismissed the last remaining defendant, but her brief on appeal discusses claims against all of the defendants. We thus construe her appeal as also challenging the District Court's earlier orders that dismissed those defendants. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) ("[B]ecause only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings." (internal quotation and citation omitted)). The Appellees are not prejudiced by our construction, as each Appellee has argued in its brief why the District Court order concerning the dismissal of claims against it was proper. See id.

4

District Court's rulings. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court."). However, we will briefly explain why the District Court did not err in its rulings.[5]

### III.

The District Court properly granted the motions to dismiss filed by Riviera Towers Corporation, Kenneth Blane, PHH Mortgage Corporation, American Express Bank FSB, Robert Buckalew, and the firm of Fein, Such, Kahn & Shepard, P.C., because Smalls' claims against those defendants were barred by res judicata, as they had been raised and litigated in prior lawsuits involving the same parties. See Dkt. #89 at 7-8; Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009) (explaining elements of res judicata defense). The Court also properly noted that even if the claims were not barred by res judicata, they would fail for other reasons.[6] Dkt. #89 at 8-11.

We also agree with the District Court that Smalls' claims against Senator Robert

---

[5] We refer the reader to the District Court's opinions for a fuller discussion of the facts and issues.

[6] We agree with the District Court that: (1) there is no private right of action under the criminal statutes named by Smalls, see Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (per curiam); (2) the defendants in question are not "state actors" for purposes of constitutional claims under 42 U.S.C. § 1983, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010); (3) her claims of conspiracy were vague and conclusory, see id. at 177-78; and (4) her claims are also time-barred, see Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (noting that in federal suits in New Jersey, § 1983 claim is governed by New Jersey's two-year statute of limitations).

5

Menendez, Governor Chris Christie, Judge Theodore McKee, Judge Stanley Chesler, Judge Amarilis A. Diaz, Judge Glenn A. Grant, former Assistant U.S. Attorneys Paul Blaine and Mitchell Campion, the West New York Police Department, and the Hudson County Prosecutor's Office were conclusory and failed to state any claim upon which relief could be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[7]

Although the District Court provided Smalls with 20 days to amend the complaint, see Dkt. #90,[8] Smalls did not timely seek amendment, and in her "Motion to Reconsider Rule 60," she essentially repeated the allegations of her complaint but did not address the District Court's legal determination that her complaint was insufficient to state a claim as to the Moving Defendants. We thus find no error in the District Court's decision to grant the Moving Defendants' motions to dismiss.

We also agree with the District Court's decision to grant summary judgment to Defendants FirstService Residential and Anthony Iacono. Dkt. #153. Smalls raised only constitutional claims and claims under 18 U.S.C. §§ 241 and 242 against these defendants. We agree with the District Court that Smalls' constitutional claims fail

---

[7] As the District Court noted, a number of Smalls' claims were also barred by doctrines of immunity.

[8] The order also granted Defendant Signorile's Motion to Vacate Default and denied as moot Smalls' motion for change of venue. Smalls does not challenge those rulings on appeal.

6

because these defendants are not state actors, see Great W. Mining & Mineral Co., 615 F.3d at 175-76, and there is no private right of action under the criminal statutes, see Leeke, 454 U.S. at 85-86. As to the claims against the last remaining defendant, American Movers, Inc., we discern no error in the District Court's dismissal. The District Court had determined that the only viable claim against American Movers would be a claim under state law. Having dismissed all federal claims against other defendants, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over any such claim. See 28 U.S.C. § 1367(c)(3).

IV.

We also construe Smalls' brief as challenging the District Judge's order denying Smalls' recusal motion. We review for abuse of discretion the District Judge's decision not to recuse. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Smalls accuses the District Judge of bias, but she points to no evidence in the record that supports this accusation. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal"). Moreover, it appears that Smalls' allegations of bias stem from her disagreement with the Judge's judicial orders and opinions, which is an insufficient basis for recusal. See Securacomm Consulting, Inc., 224 F.3d at 278 (noting a "party's displeasure with [a judge's] legal rulings does not form an adequate basis for

7

recusal").

For the foregoing reasons, and those given by the District Court, we will affirm the District Court's judgment.[9]

---

[9] The Motion filed by Appellee Robert Menendez to supplement the appendix, and the Corrected Motion filed by Appellees Amarilis A. Diaz, and West New York Police to supplement the appendix, are granted, but Appellees may not recover costs for any documents included in the supplemental appendices which are duplicative of documents contained in any previously filed appendices. The Motion filed by Appellees Amarilis A. Diaz, Robert Menendez, and West New York Police for Leave to File Separate Briefs is granted.