**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2008
_____

KAREN TUCKER,
                              Appellant

v.

HP INC; ENRIQUE LORES,
President and Chief Executive Officer,
JON DOE(S)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-03779)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 2, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: August 17, 2023)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Karen Tucker appeals from the District Court's order dismissing her amended complaint with prejudice. We will affirm.

In 2014, Tucker filed a products liability action against HP Inc. alleging that she was burned and sustained an electrical shock from her HP laptop computer due to a defective electrical cord. Ultimately, the District Court granted the defendant's motion to exclude Tucker's proposed expert witness from testifying, and concomitantly awarded summary judgment to the defendants in 2019. We affirmed the judgment on appeal. Tucker v. Hewlett Packard, Inc., 2021 WL 4060636 (3d Cir. Sept. 7, 2021).

Tucker returned to District Court in 2022 and filed a new complaint, contending that documents she received in June 2020 from the U.S. Consumer Product Safety Commission bolstered the claim in her product liability suit that her injuries were caused by a defective power cord. After granting Tucker's motion to proceed in forma pauperis, the District Court determined that her new complaint made the same allegations as her prior action against the same defendants, and that the prior case had resulted in a final judgment. Accordingly, it dismissed Tucker's complaint in Dist. Ct. Civ. No. 1:22-cv-03779 without prejudice and with leave to file an amended complaint. See ECF No. 4. Tucker filed an amended complaint, but the District Court concluded that it suffered from the same defects as the first and dismissed it with prejudice. See ECF No. 8. Tucker filed this timely appeal.[1]

_____

[1] Tucker filed a motion for reconsideration in the District Court, which remains pending.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's application of the res judicata doctrine. See Elkadrawy v. Vanguard Grp., 584 F.3d 169, 172 (3d Cir. 2009). Res judicata or claim preclusion serves to avoid piecemeal litigation and conserve judicial resources by requiring that parties present all claims "arising out of the same occurrence in a single suit." Blunt v. Lower Merion School Dist., 767 F.3d 247, 277 (3d Cir. 2014) (citations and brackets omitted). It applies when the same parties have been involved in a prior lawsuit with a final judgment on the merits and the plaintiff files a subsequent lawsuit based on the same cause of action. Id. at 276. It bars claims that were brought but also those that the plaintiff could have brought. See id. at 277. When considering whether a cause of action is the same, we focus on "the *essential similarity* of the underlying events giving rise to the various legal claims." Id. (emphasis in original).

We agree with the District Court that Tucker's recent action is barred. Tucker's action involves the same parties as her prior lawsuit in which the District Court ruled against her on summary judgment. See Hubicki v. ACF Indus., Inc., 484 F.3d 519, 524 (3d Cir. 1973) (summary judgment is a final judgment for res judicata purposes). As her pleadings in the District Court and her brief on appeal reflect, Tucker continues to argue that she was entitled to recover damages from HP for injuries she sustained in 2014, and she maintains that the Court should have allowed her expert witness to testify. See, e.g., Appellant's Informal Br. at 5 (describing interactions with HP in 2013 and her theory of causation for 2014 injuries). The addition of a claim under the state consumer fraud

3

statute to her products liability claim does not change the application of claim preclusion here: the underlying events that would purportedly give rise to a consumer fraud claim are essentially the same as the ones asserted in support of her products liability claim. See Blunt, 767 F.3d at 277 (citing Elkadrawy, 584 F.3d at 173 (3d Cir. 2009) ("This analysis does not depend on the specific legal theory invoked, but rather [on] the essential similarity of the underlying events giving rise to the various legal claims.")).[2]

Tucker contends that her 2020 receipt of materials from the U.S. Consumer Products and Safety Commission documenting the 2014 recall of HP power cords constitutes a new event for res judicata purposes. See Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011) (res judicata does not apply to events that post-date the initial complaint). But as the District Court pointed out, those materials did not bring forth anything new and merely confirmed what had been made plain during discovery in her first case. See Dist. Ct. Order at 2 (noting that discovery established that HP conducted a voluntary recall and replacement of power cords in 2014 because they could pose a risk of fire or burn hazards). Tucker's 2020 receipt of those documents does not constitute a new event and cannot help her avoid the application of claim preclusion in this case.

---

[2] "Essential similarity" depends on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991) (quoting United States v. Althone Indus., 746 F.2d 977, 984 (3d Cir. 1984)).

Accordingly, we will affirm the District Court's dismissal of Tucker's amended complaint with prejudice.