NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2497
_____

JAMES MOSLEY,
                              Appellant

v.

BANK OF AMERICA; BRIAN YOUNG, Epic Settlement Manager;
KENNETH BEMAH, Bank of America Manager

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00030)
District Judge:  Honorable Kelley B. Hodge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: January 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

Appellant James Mosley, proceeding pro se, appeals from the District Court's

dismissal of his complaint.  For following reasons, we will affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mosley filed suit against Bank of America ("BOA"), a BOA branch manager, and an employee of a settlement administrator, seeking injunctive relief and monetary damages. Dkt. No. 2. Mosley alleged that he was prevented from depositing a class action settlement check at a BOA branch because he objected to a condition of receiving the payment. Id. at 3-4. He also claimed that, because of an address error, he was denied the ability to opt out of the settlement agreement in violation of his due process rights. Id. at 4, 7, 11; Dkt. No. 7 at 3. Mosley asserted that the defendants discriminated against him and acted with "deliberate indifference, negligence, and bias." Dkt. No. 2 at 3-4; Dkt. No. 7 at 2-4.

The District Court construed Mosley's complaint as raising claims under 42 U.S.C. §§ 1981 and 1983 and state law, then sua sponte dismissed the § 1983 claims with prejudice and the remaining claims without prejudice, pursuant to 28 U.S.C. § 1915(e). Dkt. No. 5 at 4-9. Mosley filed an amended complaint, Dkt. No. 7, and the District Court dismissed all the federal claims with prejudice for failure to state a claim and the state claims without prejudice for lack of subject matter jurisdiction, Dkt. Nos. 9 & 10. Mosley filed a timely notice of appeal. Dkt. No. 11.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the sua sponte dismissal of a complaint under § 1915(e) is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

On appeal, Mosley challenges the District Court's judgment by generally maintaining that the defendants discriminated against him, committed negligence, and

2

violated his due process rights. C.A. Dkt. No. 11 at 2-4. We agree with the District Court's dismissal. Although Mosley alleged that he was discriminated against in relation to the BOA settlement check and agreement, he did not explain the grounds for the alleged discrimination or assert any information beyond these conclusory allegations. Dkt. Nos. 2 & 7. Despite guidance from the District Court about the pertinent federal statutes for discrimination and the elements required to state a claim under those statutes, Mosley failed to amend his complaint to include any specifics about the alleged discrimination. Dkt. No. 7. He thus failed to state a claim under Rule 12(b)(6).[1] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because the District Court properly dismissed all of Mosley's federal claims, it did not abuse its discretion in refusing to exercise supplemental jurisdiction over his state law claims.[2] See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

Accordingly, we will affirm the judgment of the District Court.

---

[1] The District Court also correctly dismissed Mosley's § 1983 claims with prejudice, as none of the defendants were state actors subject to suit under that statute. See Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004).

[2] Mosley and one of the defendants are citizens of Pennsylvania, so no independent basis for jurisdiction over the state law claims exists. See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). Mosley's motion for oral argument is denied.