**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2165
_____


PETER SINCLAIR,
                                    Appellant

v.

RONALD RADIO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:24-cv-01514)
District Judge:  Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2025
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Peter Sinclair appeals the District Court's order dismissing his complaint.  For the reasons that follow, we will affirm the District Court's order.

The procedural history of this case and the details of Sinclair's claims are set forth in the District Court's memorandum order and need not be discussed at length.  Briefly, in April 2024, Peter Sinclair filed a complaint against his brother, Ronald Radio.  He alleged that his brother had taken over his deceased sister's estate, locked Sinclair out of the real property, and threatened him with arrest.  Sinclair asked for immediate access to the real property, the return of personal property, and monetary damages.

Because Sinclair was proceeding in forma pauperis, the District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  It determined that Sinclair had not alleged that Radio was acting under color of state law and dismissed his federal constitutional claims with prejudice.  To the extent that Sinclair sought to bring claims on behalf of the estate, the District Court dismissed those claims without prejudice.  The District Court dismissed any state law claims without prejudice for lack of jurisdiction.  Sinclair filed a timely notice of appeal.

In his brief, Sinclair does not challenge the District Court's determinations that (1) his brother was not acting under color of state law; (2) he is not entitled to bring claims in federal court on behalf of his sister's estate; and (3) the District Court properly declined to exercise jurisdiction over his remaining, non-diverse state law claims.  Moreover, we see no error in the District Court's conclusions.  See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (noting that to state a claim under § 1983, plaintiff must show that he was

2

"deprived of a federal constitutional or statutory right by a state actor"); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009) (noting that a district court may decline supplemental jurisdiction over state law claims once federal claims have been dismissed); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney may not represent other parties).

Accordingly, we will affirm the District Court's judgment.